**VENABLE LLP**
Ari N. Rothman (SBN 296568)
 *anrothman@venable.com*
Sarah S. Brooks (SBN 266292)
 *ssbrooks@venable.com*
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Plaintiffs*
A.K.A. BRANDS HOLDING CORP.,
TF INTELLECTUAL PROPERTY PTY LTD, and
CULTURE KINGS USA, INC.,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| A.K.A. BRANDS HOLDING CORP., TF INTELLECTUAL PROPERTY PTY LTD, and CULTURE KINGS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZAHRA BAHARI, THE POWELL COMPANIES, LLC, and WHITNEY MORGAN LLC, <br><br> Defendants. | Case No.   2:25-cv-901 <br><br> **COMPLAINT FOR:** <br><br> (1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114); <br><br> (2) FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A)); <br><br> (3) COMMON LAW TRADEMARK INFRINGEMENT; <br><br> (4) DECLARATORY JUDGMENT; and <br><br> (5) BREACH OF CONTRACT. <br><br> JURY TRIAL DEMANDED |

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1   Plaintiffs a.k.a. Brands Holding Corp., TF Intellectual Property Pty Ltd, and

2   Culture Kings USA, Inc. for their complaint against defendants Zahra Bahari, The

3   Powell Companies, LLC, and Whitney Morgan LLC allege:

4                            **NATURE OF THE CASE**

5       1.    This action arises from defendants' sale of counterfeit products, which

6   materially breached the parties' agreement and infringed on plaintiffs' trademark-

7   protected and other rights.

8       2.    In August 2024, Zahra Bahari, Whitney Morgan and The Powell

9   Companies' CEO, asked a.k.a. Brands to approve an alleged personal Shopify order

10  of plaintiffs' Loiter®, Goat Crew™, and American Thrift™ branded products under

11  the guise of purchasing "back-to-school gifts."  When Bahari placed her order,

12  a.k.a. Brands and defendants had already entered into a consulting agreement in

13  April 2024, under which defendants agreed to formulate a strategy for the

14  distribution of plaintiffs' products. (Ex. 1, Independent Sales and Production

15  Consulting Agreement ("2024 Consulting Agreement").)  The 2024 Consulting

16  Agreement stated that defendants would propose potential distribution partners and

17  that a.k.a. Brands in its sole discretion would approve any wholesale orders from

18  potential partners.

19      3.    Despite these clear contractual mandates, plaintiffs learned in

20  December 2024 that defendants sold thirty-one counterfeit Loiter®, American

21  Thrift™, and Goat Crew™ branded styles to Hibbett, a third-party distributor, which

22  included fourteen of the styles Bahari purchased under the guise of her personal

23  order.  Bahari thus duped a.k.a. Brands into approving a bogus Shopify order

24  allegedly for personal use, had TF Intellectual Property and Culture Kings'

25  trademark-protected goods reproduced by an unauthorized factory, and sold these

26  counterfeit goods to Hibbett passing them off as plaintiffs' goods without plaintiffs'

27  prior approval.  Plaintiffs only learned about defendants' misconduct through a third-

28  party because defendants concealed their actions from plaintiffs.

-1-

4.    Defendants' conduct materially deviated from the parties' agreed-upon order of operations, breached the parties' agreement, and infringed on plaintiffs' trademark-protected rights.  If plaintiffs had not discovered Bahari's efforts to unilaterally and secretly control sales of plaintiffs' goods then her conduct would have continued unabated.  For these reasons, a.k.a. Brands terminated the 2024 Consulting Agreement on December 18, 2024.

5.    Ignoring reality, defendants are taking the position that a previous consulting agreement, which the parties entered into in 2023, governs instead of the 2024 Consulting Agreement, and that the Agreement has not been terminated. (See Ex. 2, Independent Sales and Production Consulting Agreement ("2023 Consulting Agreement").)  Defendants have further taken the position that their conduct was appropriate: that they were and are entitled to sell plaintiffs' goods, and that plaintiffs are required to pay defendants for their services.

6.    Defendants are wrong.  a.k.a. Brands terminated the 2024 Consulting Agreement, which by its terms superseded the 2023 Consulting Agreement. Additionally, the 2024 Consulting Agreement controls because defendants explicitly consented in writing to all of its terms conducted themselves as though the 2024 Consulting Agreement applied, and accepted a.k.a. Brands' performance under that Agreement for seven months thereafter.

7.    Due to defendants' material breaches of the 2024 Consulting Agreement and violations of intellectual property laws, plaintiffs were left with no choice but to file suit.  Thus, plaintiffs sue for trademark infringement under the Lanham Act, 15 U.S.C. § 1114; unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)); common law trademark infringement; and breach of the 2024 Independent Sales and Production Consulting Agreement. Plaintiffs also seek a declaratory judgment that the 2023 Consulting Agreement does not govern and was superseded by the 2024 Consulting Agreement.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## PARTIES

8.    Plaintiff a.k.a. Brands Holding Corp. is a Delaware corporation with its principal place in San Francisco, California 94104.

9.    Plaintiff TF Intellectual Property Pty Ltd is an Australian proprietary limited company with a business address in Queensland, Australia.

10.    Plaintiff Culture Kings USA, Inc. is a Delaware corporation with its principal place of business in Costa Mesa, California.

11.    Subject to a reasonable opportunity for further investigation or discovery: (a) defendant Zahra Bahari is an individual who is a New York citizen; (b) Bahari operates, partially owns, and is the Chief Executive Officer of The Powell Companies, LLC; (c) Bahari founded, owns and operates Whitney Morgan LLC and is the Chief Executive Officer of Whitney Morgan LLC.

12.    Subject to a reasonable opportunity for further investigation or discovery: (a) defendant The Powell Companies, LLC is a Delaware limited liability company with a principal place of business in New York, New York; and (b) Whitney Morgan LLC is a Delaware limited liability company with a principal place in New York, New York.

13.    At all relevant times, Bahari was, as applicable, the principal, owner, director, officer, managing member, shareholder, member, central figure, and/or the representative of both The Powell Companies and Whitney Morgan, and she authorized, approved, directed, controlled, ratified, participated in, instigated, and/or was otherwise the moving, active, central, and/or conscious force or figure behind their unlawful activities, including trademark infringement, false designation of origin under the Lanham Act, common law trademark infringement and breach of contract.

14.    Subject to a reasonable opportunity for further investigation or discovery, at all relevant times: (a) Bahari, The Powell Companies and Whitney Morgan are alter egos of each other because there is a unity of interest and ownership

-3-

COMPLAINT
DEMAND FOR JURY TRIAL

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

between them, such that their separate personalities no longer existed and any failure to disregard the corporate form would result in a fraud or injustice; and (b) Bahari, The Powell Companies, and Whitney Morgan acted as the principal, agent, and/or representatives of each of the other defendants.  Any action by one of the defendants was within the course and scope of the agency relationship between the defendants and was with the permission, ratification, and/or authorization of each of the other defendants.    Bahari executed both the 2023 Consulting Agreement and the 2024 Consulting Agreement as Whitney Morgan's CEO, and sent a.k.a. Brands invoices under the 2024 Consulting Agreement from the e-mail address zahra@thepowellcompaniesllc.com, which she used to communicate on behalf of herself and the corporate defendants.  The Hibbett order was placed by The Powell Companies, which defendants characterize as Whitney Morgan's administrative arm and affiliated company.   The Powell Companies and Whitney Morgan share personnel and the same physical address in New York, and communications underlying this dispute do not meaningfully differentiate between The Powell Companies and Whitney Morgan.

## **JURISDICTION AND VENUE**

15.    This Court has subject matter jurisdiction over plaintiffs' Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over plaintiffs' state law claims because they are joined with substantial and related claims under the Lanham Act.  This Court also has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367(a), as those claims are part of the same case or controversy as the federal claims alleged herein.

16.    Personal jurisdiction is proper in California because the claims for relief asserted in this complaint arise out of defendants' contacts with California and this judicial district; defendants have caused injury to plaintiffs in California; the accused products were available for sale in this judicial district and defendants have

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-4-

knowingly committed acts of infringement in this juridical district; defendants contracted in 2023 and 2024 with a.k.a. Brands and Culture Kings, both of which have principal places of business in California with Culture Kings having its principal place of business in this judicial district; received payment from California pursuant to the 2023 and 2024 Consulting Agreements; agreed to a California choice of law provision; and agreed and consented to jurisdiction in the state and Federal courts in Orange County, California, in any action arising from the 2024 Consulting Agreement. (2024 Consulting Agreement at 5.)

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because defendants specifically agreed and consented to venue in the state and Federal courts in Orange County, California, in any action arising from the 2024 Consulting Agreement. (See id.) Culture Kings has its principal place of business here, and defendants targeted their conduct towards Culture Kings when they knowingly infringed on its intellectual property as alleged herein.

## FACTUAL BACKGROUND

### A.    Plaintiffs and the Marks

18.    Culture Kings is a widely recognized streetwear clothing and accessories brand, founded in Australia in 2008.  Drawing inspiration from music, sports, and entertainment, Culture Kings has established itself as the premier retail destination for highly curated streetwear apparel, accessories, and footwear.  Culture Kings' in-house brands include Loiter®, Goat Crew™, and American Thrift™.

19.    a.k.a. Brands is the parent company of Culture Kings and is a global fashion retailer with a portfolio of next-generation fashion brands and sells to consumers through e-commerce, direct-to consumers platforms, and wholesale distribution.  a.k.a. Brands' portfolio includes brands with a highly engaged social media following, such as Culture Kings, Petal & Pup, and Princess Polly.

1      20.   TF Intellectual Property owns intellectual property and is responsible

2  for managing the proprietary rights of the company's brands, including Culture

3  Kings.

4      21.   TF Intellectual Property owns U.S. Trademark Registration

5  No. 7,476,029 for the standard character mark LOITER, and Registration

6  No. 7,121,810 for the LOITER (Stylized) mark, shown below (collectively, the

7  "LOITER Marks"):

8

9  # LOITER☺

10

11  The LOITER Marks are registered in Class 25 for use in connection with "Clothing,

12  namely, shirts, pants, dresses, sweaters, skirts, tops, hoodies, jackets, t-shirts, polos,

13  jeans, shorts, joggers, underwear, trousers, and footwear; Headbands being clothing;

14  Jackets being clothing; Knitwear, namely, sweaters, jumpers, cardigans, and vests;

15  Pants being clothing; Polo shirts; Printed t-shirts; Shirts; Sports shirts; T-shirts; Tee-

16  shirts; Skirts; Dresses; Suits; Underwear; Coats; Dressing gowns; Neckties; Hosiery;

17  Socks; Shoes; Mittens; Slippers; Footwear; Bandanas being neckerchiefs; Shawls;

18  Scarfs; Swimming suits; Outerclothing, namely, coats, jackets, vests, anoraks, and

19  windbreakers; Pyjamas; Baseball caps; Caps being headwear; Flat caps; Sports caps;

20  Berets; Short-sleeve shirts; Shorts; Jumpers being pullovers; Jumpers being

21  sweaters; Polo neck jumpers; Sports jumpers; Singlets; Sports singlets; Apparel,

22  namely, shirts, pants, jeans, sweaters, coats, footwear, and headwear."   Attached

23  hereto as Exhibit 3 is a true and correct copy of the LOITER Marks registration

24  certificates.

25      22.   Beginning on about August 5, 2018, TF Intellectual Property and

26  Culture Kings have continuously and pervasively used the LOITER Marks in United

27  States commerce.   TF Intellectual Property and Culture Kings sell products

28  displaying the LOITER Marks through various channels of trade, including physical

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

stores in the United States and on the Culture Kings website: https://www.culturekings.com.

23. TF Intellectual Property also owns a pending trademark application for GOAT CREW (Application Serial No. 79,307,803), filed on March 4, 2021, for clothing goods (the "GOAT CREW Mark").

24. Beginning on about October 7, 2016, TF Intellectual Property and Culture Kings have continuously and pervasively used the GOAT CREW Mark in United States commerce. TF Intellectual Property and Culture Kings sell GOAT CREW-branded products in physical stores in the United States and on the websites https://www.culturekings.com and https://www.goatcrew.com, and promote their products on social media sites such as Instagram, Facebook, TikTok, and X (f/k/a Twitter).

25. Culture Kings owns pending trademark applications, filed on May 2, 2024, for the standard character mark AMERICAN THRIFT (Application Serial No. 98,531,500) and for the AMERICAN THRIFT (Stylized) mark (Application Serial No. 98,531,504), shown below (collectively, the "AMERICAN THRIFT Marks"), for clothing goods:

**AMERICAN THRIFT**

26. Beginning on about May of 2017, TF Intellectual Property and Culture Kings have continuously and pervasively used the AMERICAN THRIFT Marks in United States commerce. TF Intellectual Property and Culture Kings sell product displaying the AMERICAN THRIFT Marks through various channels of trade, including on Culture Kings' website.

27. Through years of extensive and widespread use and recognition, TF Intellectual Property and Culture Kings also own common law trademark rights in the LOITER, AMERICAN THRIFT, and GOAT CREW Marks for all the products and services marketed under those marks.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Case No.

COMPLAINT
DEMAND FOR JURY TRIAL

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**B.     The Consulting Agreements**

28.     In November 2023, a.k.a. Brands and Whitney Morgan entered into a consulting agreement under which Whitney Morgan agreed to formulate a strategy for the distribution of some of plaintiffs' products. (2023 Consulting Agreement at Ex. B.)  Bahari executed the 2023 Consulting Agreement.

29.     Under the 2023 Consulting Agreement, Whitney Morgan agreed to create a list of target retailers and to facilitate vendor set ups with potential retail and distribution partners. (Id. at Ex. B, Phases 0–1.)  Whitney Morgan also agreed that a.k.a. Brands would retain full control and final acceptance over product distribution. (Id.)  Thus, Whitney Morgan agreed to "[c]ollect wholesale purchase orders, with financial acceptance of orders at the sole discretion of a.k.a."; "[f]acilitate production and fulfillment of wholesale orders through compliant, trusted, best-in-class production partners, with support from a.k.a. Brands as needed"; and "[s]ecure favorable payment terms from wholesale partners and production factories to limit or eliminate working capital investment." (Id. at Ex. B, Phase 1.)

30.     Accordingly, in the 2023 Consulting Agreement, Whitney Morgan agreed to this order of operations: Whitney Morgan would propose potential distribution partners, and a.k.a. in its sole discretion would approve any order of a.k.a. goods to these distribution partners.

31.     The 2023 Consulting Agreement "remain[ed] in effect until Termination by either Party […], or until superseded by a subsequent agreement." (2023 Consulting Agreement at 1.)

32.     In April 2024, Whitney Morgan and a.k.a. Brands agreed to replace the 2023 Consulting Agreement with a second Independent Sales and Production Consulting Agreement.

33.     On April 2, 2024, a.k.a. Brands sent Bahari a draft of the agreement containing minimal edits from a.k.a. Brands' legal department. (Ex. 4 at 1.)  No changes were made to the agreement thereafter.

-8-

34.     Two days later, on April 4, 2024, Bahari agreed to the terms of the agreement in writing by stating: "I am ok with all of the changes.  Would you please send a clean copy for execution?" (Id.)  Bahari then inquired as to the status of the agreement on April 11, 2024, and a.k.a. Brands sent Bahari the signed Agreement on April 12, 2024. (Ex. 5 at 1.)

35.     On April 14, 2024—two days after receiving a.k.a. Brands' copy of the executed agreement—Bahari invoiced a.k.a. Brands for $3,600.00, which is the monthly retainer amount agreed-upon in the 2024 Consulting Agreement.  Invoice # 1753, dated April 3, 2024, enclosed herewith as Exhibit 6, lists under "Terms of Agreement" "April ammended [sic] Independent Sales Consultantcy [sic] Agreement."  Whitney Morgan and Bahari continued to invoice a.k.a. Brands $3,600 under the 2024 Consulting Agreement for the following seven months.

36.     The 2024 Consulting Agreement "supersede[s] all prior written and oral understandings between the Parties." (2024 Consulting Agreement at 1.)

37.     Bahari and Whitney Morgan, and The Powell Companies for that matter, explicitly consented in writing to all of its terms, conducted themselves as though the agreement applied, and accepted a.k.a. Brands' performance under that agreement for seven months.  Therefore, the 2024 Consulting Agreement supersedes the 2023 Consulting Agreement, is fully enforceable, and governs the present dispute.

38.     As with the 2023 Consulting Agreement, the 2024 Consulting Agreement sets forth Whitney Morgan's responsibilities (and those of its alter egos Bahari and The Powell Companies) and to develop a distribution strategy for a.k.a. Brands and provides the same protections to a.k.a. Brands, including that a.k.a. Brands retained full control over the production and sale of its goods.  For instance, under Section 1(b), Whitney Morgan agreed that it would "not approach customers about Products without the prior written approval of a.k.a. Brands." (Id. at § 1(b).) Whitney Morgan further agreed to "promptly forward to a.k.a. all customer purchase

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

COMPLAINT
DEMAND FOR JURY TRIAL

orders, requests for quotation and sales inquiries," while "a.k.a. reserve[d] the right, in its sole discretion, prior to the approval in writing of such purchase orders in accordance with the approval terms of this agreement to: (a) accept, reject, or negotiate directly with the Approved or Introduced Customer any purchase order for Products received from any third party whether or not solicited by [Whitney Morgan]; (b) cancel, terminate, or modify any Approved or Introduced Customer contract previously accepted by a.k.a.; or (c) negotiate any terms and conditions of the Approved or Introduced Customer contract, including modifying Product features, quantities, purchase price, or payment terms." (Id. at § 3.)   And, the Agreement provides that "[n]othing in this Agreement shall be construed to grant [Whitney Morgan] the ability to (a) accept purchase orders on behalf of a.k.a. without a.k.a.'s written approval; (b) place purchase orders with Introduced Suppliers on a.k.a.'s behalf without a.k.a.'s written approval." (Id.)

39.     Whitney Morgan further agreed to "comply with all applicable federal, state, and local laws and regulations." (Id. at § 4.)

40.     The 2024 Consulting Agreement further provides that "[a]ny intentional or grossly negligent violation" of Sections 1(b) and 4 would constitute a material breach of the Agreement, entitling a.k.a. Brands to terminate the Agreement with immediate effect. (Id. at § 6(b).)

41.     For purposes of the 2024 Consulting Agreement, all of Whitney Morgan's obligations applied equally to its alter egos Bahari and The Powell Companies.

## C.    Defendants' Wrongful Acts

42.     In August 2024, Bahari contacted a.k.a. Brands to clear an alleged personal Shopify order for "back-to-school gifts." (Ex. 7 at 1.)   Bahari's personal order included twenty-one of plaintiffs' Loiter®, Goat Crew™, and American Thrift™ branded products, including pants, hoodies, and t-shirts in adult sizes ranging from small to x-large. (Id. at 5–11.)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-10-

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

43.    On December 12, 2024, plaintiffs learned that defendants had sold thirty-one products displaying the LOITER, AMERICAN THRIFT, and GOAT CREW Marks to Hibbett, a third-party wholesale distributor, which included fourteen of the styles Bahari purchased under the guise of a personal order for "back-to-school gifts" months earlier in August of 2024.

44.    These counterfeit products, some of which were protected by third-party IP licenses, were reproduced by an unauthorized factory and sold without plaintiffs' prior approval.  In fact, defendants concealed their secret sale, and plaintiffs only learned about the sale through a third-party sales representative.

45.    The 2024 Consulting Agreement does not authorize defendants to reproduce or sell plaintiffs' products, let alone without plaintiffs' prior approval.

46.    Defendants' conduct deviated from and breached the parties' agreed-upon protocol for developing a distribution strategy and far exceeded the scope of defendants' rights and responsibilities under the 2024 Consulting Agreement.

47.    On December 18, 2024, undersigned counsel sent a letter to defendants terminating the 2024 Consulting Agreement, and informing them that their use of the LOITER, AMERICAN THRIFT, and GOAT CREW Marks infringed TF Intellectual Property and Culture Kings trademark rights.

48.    Defendants have taken the position that the 2023 Consulting Agreement is in force and that a.k.a. Brands' termination of the 2024 Consulting Agreement on December 18, 2024, was not effective.

49.    Despite knowing about TF Intellectual Property and Culture Kings' prior use and exclusive rights in the LOITER, AMERICAN THRIFT, and GOAT CREW Marks, defendants reproduced and offered plaintiffs' goods displaying the LOITER, AMERICAN THRIFT, and GOAT CREW Marks for sale without plaintiffs' prior approval.

50.    These counterfeit products were available for sale in physical stores in the United States and on the website https://www.hibbett.com.

-11-

51. Defendants' misconduct would have continued unabated if plaintiffs had not discovered it – likely with even more severe consequences to plaintiffs and their brands. Subject to a reasonable opportunity for further investigation or discovery, in light of defendants' disregard for plaintiffs' contractual and intellectual property rights, defendants may have engaged in other instances of misconduct by selling TF Intellectual Property and Culture Kings' trademark-protected goods to other third-parties without plaintiffs' prior approval.

52. Defendants' misconduct has also damaged plaintiffs' reputation including by jeopardizing their relationship with Hibbett.

53. Defendants' actions constitute willful infringement of TF Intellectual Property and Culture Kings' federal and common law trademark rights.

54. Defendants' use of the LOITER, AMERICAN THRIFT, and GOAT CREW Marks has caused, and if their use resumes will continue to cause, confusion, mistake, or deception, and creates an erroneous impression that defendants' products have a connection, source, sponsorship, or affiliation with plaintiffs and their products and services. At the very least, Hibbett necessarily believed that defendants were selling genuine LOITER, AMERICAN THRIFT, and GOAT CREW products with authorization from plaintiffs when they were not. Otherwise, Hibbett would not have offered them for sale to the public much less have sold any product (it did both).

55. Subject to a reasonable opportunity for further investigation or discovery, defendants' use of the LOITER, AMERICAN THRIFT, and GOAT CREW Marks has caused, and if their use resumes will continue to cause, consumers to attribute defendants' poor products, poor services, and other shortcomings to plaintiffs, damaging plaintiffs' reputations and goodwill.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# FIRST CAUSE OF ACTION

## (Federal Trademark Infringement, 15 U.S.C. § 1114)

## (TF Intellectual Property and Culture Kings' Against All Defendants)

56.     TF Intellectual Property and Culture Kings reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

57.     TF Intellectual Property owns valid and protectable federal trademark registrations for the LOITER Marks, as shown in Exhibit 3.

58.     TF Intellectual Property and Culture Kings sell products displaying the LOITER Marks through various channels of trade, including physical stores in the United States and on the Culture Kings website: https://www.culturekings.com.

59.     Defendants' use of TF Intellectual Property's LOITER Marks has caused and/or is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of goods.  Defendants' use of the LOITER Marks falsely indicated to consumers such as Hibbett that defendants' products were connected with, sponsored by, affiliated with, or related to TF Intellectual Property and Culture Kings and their products and services.

60.     Defendants' conduct was without TF Intellectual Property and Culture Kings' permission or authority.  As described above, defendants had actual knowledge of TF Intellectual Property's prior and senior rights in the LOITER Marks when they started using LOITER.  As a result, defendants have committed their infringement with full knowledge of TF Intellectual Property's rights in the LOITER Marks, and have willfully, deliberately, and maliciously engaged in the described acts with an intent to injure plaintiffs and to deceive the public.

61.     Defendants' unauthorized use of the LOITER Marks in connection with and to identify defendants' goods constitutes trademark infringement in violation of 15 U.S.C. § 1114.  Subject to a reasonable opportunity for further investigation or discovery, defendants have profited or will profit from this infringement without judicial intervention.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

62.     Because of defendants' prior knowledge of the LOITER Marks, this is an exceptional case under 15 U.S.C. § 1117(a).

63.     Defendants' conduct has caused and/or likely will continue to cause damage to TF Intellectual Property and Culture Kings in an amount to be determined at trial and, unless enjoined, has seriously and irreparably impaired and/or will continue to seriously and irreparably impair the value of the LOITER Marks, for which there is no adequate remedy at law.

64.     Because of defendants' infringement, TF Intellectual Property and Culture Kings have been irreparably harmed in their business and will continue to suffer irreparable harm unless defendants are enjoined from infringing the LOITER Marks.

65.     In light of the foregoing, TF Intellectual Property and Culture Kings are entitled to injunctive relief prohibiting defendants from using the LOITER Marks, or any mark confusingly similar to TF Intellectual Property's LOITER Marks, for any purpose, and to recover from defendants all damages, including attorneys' fees, that TF Intellectual Property and Culture Kings have sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

WHEREFORE, TF Intellectual Property and Culture Kings pray for:

a.     An order and judgment that defendants have willfully and deliberately violated 15 U.S.C. § 1114, that TF Intellectual Property and Culture Kings have been damaged by such violations, and that defendants are liable to TF Intellectual Property and Culture Kings for such violations.

b.     An order permanently enjoining and restraining defendants, and all persons acting in concert with them, from:

i.     Engaging in conduct intended to mislead consumers into believing that defendants are affiliated, connected, or associated with TF Intellectual

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Property and Culture Kings, or that defendants' goods are sponsored, endorsed, approved by, or connected with TF Intellectual Property and Culture Kings; and

        ii.     Directly or indirectly using LOITER, the LOITER Marks, or any colorable imitation thereof or any mark confusingly similar thereto.

       c.     An order pursuant to 15 U.S.C. § 1118, that all products and materials which infringe the LOITER Marks be delivered up to TF Intellectual Property and Culture Kings for destruction.

       d.     An order requiring defendants to file with the Court and serve upon TF Intellectual Property and Culture Kings within fifteen (15) days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction.

       e.     An award to TF Intellectual Property and Culture Kings of:

        i.     All profits derived by defendants' infringement on the LOITER Marks;

        ii.     All damages sustained by reason of defendants' infringement on the LOITER Marks;

        iii.     Treble the amount of actual damages suffered by TF Intellectual Property and Culture Kings under 15 U.S.C. § 1117(a);

        iv.     Punitive and exemplary damages in an amount sufficient to deter and punish defendants for their willful and wrongful acts;

        v.     Costs incurred in this action;

        vi.     Statutory damages and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 504, 505 and 15 U.S.C. § 1117(a); and

        vii.     Pre-judgment and post-judgment interest.

       f.     Any other such relief that this Court deems appropriate.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Case No.

COMPLAINT
DEMAND FOR JURY TRIAL

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**SECOND CAUSE OF ACTION**

**(False Designation of Origin, 15 U.S.C. § 1125(a))**

**(TF Intellectual Property and Culture Kings Against All Defendants)**

66. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

67. TF Intellectual Property owns valid and protectable federal trademark registrations for the LOITER Marks, as shown in Exhibit 3.

68. As described above, TF Intellectual Property and Culture Kings have used the AMERICAN THRIFT Marks since at least as early as May 2017, and the GOAT CREW Mark since at least as early as October 2016 in the United States in connection with their clothing goods and related services. TF Intellectual Property and Culture Kings have own common law rights in the Marks.

69. TF Intellectual Property and Culture Kings' use of the LOITER, AMERICAN THRIFT, and GOAT CREW Marks predates defendants' use of the marks.

70. Defendants' sale of products bearing the LOITER, AMERICAN THRIFT, and GOAT CREW Marks constitutes false designation of origin in connection with the advertising or sale of goods in United States commerce. This conduct created, and if the conduct resumes will create, a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of defendants with TF Intellectual Property and Culture Kings or as to the origin, sponsorship, or approval of defendants' goods by plaintiffs. Defendants' conduct has induced consumers such as Hibbett to believe, contrary to fact, that its goods are sponsored, endorsed, approved by, or connected with TF Intellectual Property and Culture Kings.

71. Defendants' conduct is without TF Intellectual Property and Culture Kings' permission or authority. As described above, defendants had actual knowledge of TF Intellectual Property and Culture Kings' prior and senior rights in

-16-

the LOITER, AMERICAN THRIFT, and GOAT CREW Marks. As a result, defendants have committed their infringement with full knowledge of TF Intellectual Property and Culture Kings' rights in the LOITER, AMERICAN THRIFT, and GOAT CREW Marks, and have willfully, deliberately, and maliciously engaged in the described acts with an intent to injure TF Intellectual Property and Culture Kings and to deceive the public.

72. Defendants' unauthorized use of the LOITER, AMERICAN THRIFT, and GOAT CREW Marks in connection with and to identify defendants' goods and services constitutes false designation of origin in violation of 15 U.S.C. § 1125(a). Subject to a reasonable opportunity for further investigation or discovery, defendants have profited or will profit from this infringement.

73. Because of defendants' prior knowledge of the LOITER, AMERICAN THRIFT, and GOAT CREW Marks this is an exceptional case under 15 U.S.C. § 1117(a).

74. Defendants' conduct has caused, and if it resumes likely will continue to cause, damage to TF Intellectual Property and Culture Kings in an amount to be determined at trial and, unless enjoined, will continue to seriously and irreparably impair further the value of the LOITER, AMERICAN THRIFT, and GOAT CREW Marks, for which there is no adequate remedy at law.

75. Because of defendants' conduct, TF Intellectual Property and Culture Kings have been irreparably harmed in their business and will continue to suffer irreparable harm unless defendants are enjoined from infringing the LOITER, AMERICAN THRIFT, and GOAT CREW Marks.

76. In light of the foregoing, TF Intellectual Property and Culture Kings are entitled to injunctive relief prohibiting defendants from using LOITER, AMERICAN THRIFT, or GOAT CREW, or any mark confusingly similar to the LOITER, AMERICAN THRIFT, and GOAT CREW Marks, for any purpose, and to recover from defendants all damages, including attorneys' fees, that TF

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-17-

Intellectual Property and Culture Kings have sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

WHEREFORE, TF Intellectual Property and Culture Kings pray for:

a.    An order and judgment that defendants have willfully and deliberately violated 15 U.S.C. § 1125(a), that TF Intellectual Property and Culture Kings have been damaged by such violations, and that defendants are liable to TF Intellectual Property and Culture Kings for such violations.

b.    An order permanently enjoining and restraining defendants, and all persons acting in concert with them, from:

i.    Engaging in conduct intended to mislead consumers into believing that defendants are affiliated, connected, or associated with TF Intellectual Property and Culture Kings, or that defendants' goods are sponsored, endorsed, approved by, or connected with TF Intellectual Property and Culture Kings; and

ii.    Directly or indirectly using LOITER, AMERICAN THRIFT, and GOAT CREW; the LOITER, AMERICAN THRIFT, and GOAT CREW Marks; or any colorable imitation thereof or any mark confusingly similar thereto.

c.    An order pursuant to 15 U.S.C. § 1118, that all products and materials which infringe the LOITER, AMERICAN THRIFT, and GOAT CREW Marks be delivered up to TF Intellectual Property and Culture Kings for destruction.

d.    An order requiring defendants to file with the Court and serve upon TF Intellectual Property and Culture Kings within fifteen (15) days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction.

e.    An award to TF Intellectual Property and Culture Kings of:

i.    All profits derived by defendants' false designation of origin and false representation of association;

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

ii.    All damages sustained by reason of defendants' false designation of origin and false representation of association;

iii.    Treble the amount of actual damages suffered by TF Intellectual Property and Culture Kings under 15 U.S.C. § 1117(a);

iv.    Punitive and exemplary damages in an amount sufficient to deter and punish defendants for their willful and wrongful acts;

v.    Costs incurred in this action;

vi.    Statutory damages and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 504, 505 and 15 U.S.C. § 1117(a); and

vii.    Pre-judgment and post-judgment interest.

f.    Any other such relief that this Court deems appropriate.

## THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement)

### (TF Intellectual Property and Culture Kings Against All Defendants)

77.    TF Intellectual Property and Culture Kings reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

78.    Through years of extensive use and widespread recognition, TF Intellectual Property and Culture Kings own common law trademark rights and have developed secondary meaning in the AMERICAN THRIFT Marks and in the GOAT CREW Mark.

79.    Defendants' use of TF Intellectual Property and Culture Kings's AMERICAN THRIFT and GOAT CREW Marks has caused, and if it resumes is likely to cause, confusion among consumers like Hibbett as to the source, sponsorship, affiliation, or approval of goods. Defendants' use of TF Intellectual Property and Culture Kings' AMERICAN THRIFT and GOAT CREW Marks falsely indicates to consumers such as Hibbett that defendants' products are in some manner connected with, sponsored by, affiliated with, or related to TF Intellectual Property and Culture Kings and its products and services.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-19-

80.    Defendants' conduct is without TF Intellectual Property and Culture Kings' permission or authority.  Defendants' unauthorized use of TF Intellectual Property and Culture Kings' AMERICAN THRIFT and GOAT CREW Marks in connection with and to identify defendants' products and services constitutes common law trademark infringement.  Subject to a reasonable opportunity for further investigation or discovery, defendants have profited from this infringement.

81.    Because of defendants' infringement, TF Intellectual Property and Culture Kings have been irreparably harmed in their businesses and will continue to suffer irreparable harm unless defendants are enjoined from infringing TF Intellectual Property and Culture Kings' AMERICAN THRIFT and GOAT CREW Marks.

WHEREFORE, plaintiffs pray for:

a.    An order and judgment that defendants have willfully and deliberately violated TF Intellectual Property and Culture Kings' common law rights in the AMERCAN THRIFT and GOAT CREW Marks, that TF Intellectual Property and Culture Kings have been damaged by such violations, and that defendants are liable to TF Intellectual Property and Culture Kings for such violations.

b.    An order permanently enjoining and restraining defendants, and all persons acting in concert with them, from:

i.    Engaging in conduct intended to mislead consumers into believing that defendants are affiliated, connected, or associated with TF Intellectual Property and Culture Kings, or that defendants' goods are sponsored, endorsed, approved by, or connected with TF Intellectual Property and Culture Kings; and

ii.    Directly or indirectly using AMERICAN THRIFT and GOAT CREW; the AMERICAN THRIFT and GOAT CREW Marks; or any colorable imitation thereof or any mark confusingly similar thereto.

c.    An order requiring defendants to file with the Court and serve upon TF Intellectual Property and Culture Kings within fifteen (15) days after

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1  issuance of any injunction, a report in writing under oath setting forth in detail the

2  manner and form in which defendants have complied with the injunction.

3          d.     An award to TF Intellectual Property and Culture Kings of:

4               i.     All profits derived by defendants' infringing on the

5  AMERICAN THRIFT and GOAT CREW Marks;

6               ii.     All damages sustained by reason of defendants'

7  infringement on the AMERICAN THRIFT and GOAT CREW Marks;

8               iii.     Punitive and exemplary damages in an amount sufficient

9  to deter and punish defendants for their willful and wrongful acts;

10               iv.     Costs incurred in this action; and

11               v.     Pre-judgment and post-judgment interest.

12          e.     Any other such relief that this Court deems appropriate.

13  **<u>FOURTH CAUSE OF ACTION</u>**

14  **(Declaratory Judgment that 2023 Agreement Was Superseded)**

15  **(Plaintiffs Against All Defendants)**

16      82.    a.k.a. Brands realleges and incorporates by reference each of the

17  foregoing paragraphs as if fully set forth herein.

18      83.    An actual controversy has arisen and now exists between a.k.a. Brands

19  and defendants concerning their respective rights and duties.

20      84.    A declaratory judgment is necessary and proper because a.k.a. Brands

21  contends that:

22          a.     The 2023 Consulting Agreement between a.k.a. Brands and

23  defendants does not govern; and

24          b.     The 2023 Consulting Agreement between a.k.a. Brands and

25  defendants was superseded by the 2024 Consulting Agreement.

26      85.    Defendants are taking the position that the 2023 Consulting Agreement

27  governs instead of the 2024 Consulting Agreement, and that the 2024 Consulting

28  Agreement has not been terminated.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

86. A judicial declaration of rights and other relief available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, is necessary and appropriate at this time under the circumstances to ensure that a.k.a. Brands may ascertain its rights and duties.

WHEREFORE, plaintiffs pray that the Court:

a. Declare that the 2023 Consulting Agreement between a.k.a. Brands and defendants does not govern;

b. Declare that the 2023 Consulting Agreement between a.k.a. Brands and defendants was superseded by the 2024 Consulting Agreement; and

c. Award plaintiffs such further relief as the Court deems appropriate.

## FIFTH CAUSE OF ACTION

### (Breach of 2024 Consulting Agreement)

### (a.k.a. Brands Against All Defendants)

87. a.k.a. Brands reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

88. a.k.a. Brands and defendants entered into the 2024 Consulting Agreement.

89. Although the agreement contains only a signature block for Whitney Morgan, all of the defendants agreed to the terms of the agreement including because they are the alter egos of each other alleged in paragraphs 13–14 above.

90. Defendants explicitly consented in writing to all of terms of the 2024 Consulting Agreement's, conducted themselves as though the Agreement applied, and accepted a.k.a. Brands' performance under that Agreement for seven months.

91. a.k.a. Brands performed all its duties under the 2024 Consulting Agreement or was excused or discharged from further performing its duties under the 2024 Consulting Agreement.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

92.    Defendants materially breached the 2024 Consulting Agreement. Defendants' material breaches include but are not limited to, soliciting customers about plaintiffs' goods without the prior written approval of a.k.a. Brands; offering goods bearing the LOITER, AMERICAN THRIFT, and GOAT CREW Marks for sale without a.k.a. Brands' prior approval; manufacturing, reproducing and selling plaintiffs' goods without a.k.a. Brands' prior approval; approving a wholesale order of plaintiffs' goods without plaintiffs' prior approval; and failing to comply with federal and state laws in performing under the Agreement.  Additionally, The Powell Companies and Bahari aided and abetted Whitney Morgan's breach by inducing and/or Whitney Morgan to breach the agreement including through ratifying, causing, and/or direct the unlawful sales to Hibbett alleged in this complaint.

93.    As a proximate result of defendants' multiple and material breaches of the 2024 Consulting Agreement, plaintiffs have suffered damages in an amount to be determined at trial.

WHEREFORE, a.k.a. Brands prays for relief in the following forms:

a.    For and order and judgment that:

i.    The 2024 Consulting Agreement is valid, binding, and enforceable;

ii.    Defendants materially breached the 2024 Consulting Agreement;

iii.    Defendants' material breaches have harmed a.k.a. Brands; and

iv.    a.k.a. Brands is entitled to recover its actual damages resulting from defendants' breaches.

b.    Any other such relief that this Court deems appropriate.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-23-

Case No.

# **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiffs demand a trial by jury on all issues so triable.

Dated:  February 3, 2025                                        VENABLE LLP

                                                                      /s/ Sarah S. Brooks

                                            By:          Ari N. Rothman
                                                          Sarah S. Brooks

                                                          *Attorneys for Plaintiffs*
                                                          *a.k.a. Brands Holding Corp.,*
                                                          *Intellectual Property Pty Ltd, and*
                                                          *Culture Kings USA, Inc.*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Case No.

COMPLAINT
DEMAND FOR JURY TRIAL