# Appendix A

Micah G. Block (SBN 270712)
  micah.block@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

Lara Samet Buchwald
  lara.buchwald@davispolk.com
  (<ins>admitted</ins> *pro hac vice* <del>application pending</del>)
Deborah S. Mazer
  deborah.mazer@davispolk.com
  (<ins>admitted</ins> *pro hac vice* <del>application pending</del>)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Gopi K. Panchapakesan (SBN 279586)
  gkp@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG,
  DROOKS, & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Defendants*
*Whitney Morgan LLC, The Powell Companies, LLC, and Zahra Bahari*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| a.k.a. BRANDS HOLDING CORP., *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>ZAHRA BAHARI, *et al*.,<br><br>Defendants. | Case No. 2:25-cv-00901-MCS-AS<br><br>**DEFENDANTS' <ins>AMENDED</ins> ANSWER TO THE COMPLAINT**<br><br>Courtroom 7C<br>The Honorable Mark C. Scarsi |

DEFENDANTS' <ins>AMENDED</ins> ANSWER TO COMPLAINT

Defendants Zahra Bahari, Whitney Morgan LLC ("Whitney Morgan"), and The Powell Companies, LLC ("The Powell Companies") (each a "Defendant," and collectively, "Defendants") through their undersigned counsel, hereby serve Defendants' Answer in response to the allegations in the Complaint of a.k.a. Brands Holding Corp. ("a.k.a Brands"), TF Intellectual Property Pty Ltd., and Culture Kings USA, Inc. (collectively "Plaintiffs") dated February 3, 2025 (Dkt. No. 1) (the "Complaint").

## NATURE OF THE CASE

1. Denied. Defendants deny the allegations in Paragraph 1.
2. Denied. Defendants deny the allegations in Paragraph 2.
3. Denied. Defendants deny the allegations in Paragraph 3.
4. Denied. Defendants deny the allegations in Paragraph 4.
5. Admitted in part. Defendants admit that their position is that the parties entered into a 2023 Consulting Agreement, which has not been terminated, and thus governs the conduct between the parties. Defendants further admit that their position is that they were and are entitled to sell Plaintiffs' goods, and that Plaintiffs are required to pay Defendants for their services. Defendants deny the existence of an executed 2024 Consulting Agreement that superseded the 2023 Consulting Agreement.
6. Denied. Defendants deny the allegations in Paragraph 6.
7. Paragraph 7 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the existence of an executed 2024 Consulting Agreement. Defendants further deny any violations under the Lanham Act, 15 U.S.C. § 1114; unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)); common law trademark infringement; or breach of the unexecuted and unagreed 2024 document.

## PARTIES

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Denied in part. Defendants admit that Zahra Bahari is an individual who is a New York citizen and that she is the Chief Executive Officer of The Powell Companies. Defendants admit that Zahra Bahari is the Chief Executive Officer of Whitney Morgan. Defendants otherwise deny the allegations in Paragraph 11.

12. Admitted in part. Defendants admit that The Powell Companies is a Delaware limited liability company, and that Whitney Morgan is a Delaware limited liability company. The remainder of the allegations in Paragraph 12 are denied. Citizenship of LLCs are determined by the residency of their members.

13. Paragraph 13 purports to state legal conclusions as to which no response is required.

14. Paragraph 14 purports to state legal conclusions as to which no response is required. To the extent the final three sentences in Paragraph 14 require a response, Defendants admit that Ms. Bahari executed the 2023 Consulting Agreement, that The Powell Companies is an affiliate of Whitney Morgan, and that The Powell Companies and Whitney Morgan share certain personnel and the same physical address in New York. Defendants otherwise deny any factual allegations in Paragraph 14.

## JURISDICTION AND VENUE

15. Paragraph 15 purports to state legal conclusions as to which no response is required.

## FACTUAL BACKGROUND

**A. Plaintiff and the Marks**

16. Paragraph 16 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16. Defendants further deny any claim that it consented to jurisdiction in this judicial district based on an unexecuted 2024 Consulting Agreement.

17. Paragraph 17 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17. Defendants further deny any claim that it consented to venue in this judicial district based on an unexecuted 2024 Consulting Agreement.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Admitted in part. Defendants answer that the document referred to therein speaks for itself.

**B. The Consulting Agreements**

29. Admitted in part. Defendants deny the allegations in the second sentence of Paragraph 29. Defendants admit the remaining allegations in Paragraph 29. Defendants answer that the document referred to therein speaks for itself.

30. Denied. Defendants deny the allegations in Paragraph 30. Defendants answer that the document referred to therein speaks for itself.

31. Admitted in part. Defendants answer that the 2023 Consulting Agreement states, in relevant part: "This Agreement will remain in effect until Termination by either Party, with 30 days' notice, or until superseded by a subsequent agreement."

32. Denied. Defendants deny the allegations in Paragraph 32.

33. Denied. Defendants deny the allegations in Paragraph 33. Defendants answer that the document referred to therein speaks for itself.

34. Admitted in part. Defendants admit that Ms. Bahari inquired as to the status of the agreement on April 11, 2024. Defendants deny the remaining allegations in Paragraph 34.

35. Denied. Defendants deny the allegations in Paragraph 35. Defendants answer that the document referred to therein speaks for itself.

36. Denied. Defendants deny the allegations in Paragraph 36.

37. Paragraph 37 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the

allegations in Paragraph 37.

38. Denied. Defendants deny the existence of a 2024 Consulting Agreement that supersedes the parties' 2023 Consulting Agreement.

39. Denied. Defendants deny the existence of a 2024 Consulting Agreement that supersedes the parties' 2023 Consulting Agreement.

40. Denied. Defendants deny the existence of a 2024 Consulting Agreement that supersedes the parties' 2023 Consulting Agreement.

41. Denied. Defendants deny the existence of a 2024 Consulting Agreement that supersedes the parties' 2023 Consulting Agreement.

**C. Defendants' Wrongful Acts**

42. Admitted in part. Defendants admit that Defendant Bahari contacted a.k.a. Brands regarding an order placed on the Culture Kings Website in August 2024 that included certain Loiter®, Goat Crew™, and American Thrift™ branded products. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the Culture Kings Website utilizes Shopify as its ecommerce platform. Defendants deny the remaining allegations in Paragraph 42.

43. Denied. Defendants deny the allegations in Paragraph 43.

44. Denied. Defendants deny the allegations in Paragraph 44.

45. Denied. Defendants deny the allegations in Paragraph 45.

46. Denied. Defendants deny the allegations in Paragraph 46.

47. Denied. Defendants deny the allegations in Paragraph 47.

48. Admitted.

49. Denied. Defendants deny the allegations in Paragraph 49.

50. Denied. Defendants deny the allegations in Paragraph 50.

51. Denied. Defendants deny the allegations in Paragraph 51.

52. Denied. Defendants deny the allegations in Paragraph 52.

53. Paragraph 53 purports to state legal conclusions as to which no

6

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54. Denied. Defendants deny the allegations in Paragraph 54.

55. Denied. Defendants deny the allegations in Paragraph 55.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

### (TF Intellectual Property and Culture Kings' Against All Defendants)

56. Defendants reassert and reaffirm the answers in the preceding paragraphs as if fully set forth herein.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Denied. Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61. Paragraph 61 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62. Paragraph 62 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Paragraph 63 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 purports to state legal conclusions as to which no

response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. Paragraph 65 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

Answering the "WHEREFORE" clause following Paragraph 65, Defendants deny that TF Intellectual Property and/or Culture Kings are entitled to any recovery or relief whatsoever.

## SECOND CAUSE OF ACTION

## (False Designation of Origin, 15 U.S.C. § 1125(a))

## (TF Intellectual Property and Culture Kings Against All Defendants)

66. Defendants reassert and reaffirm the answers in the preceding paragraphs as if fully set forth herein.

67. Paragraph 67 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70. Paragraph 70 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71. Paragraph 71 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the

allegations in Paragraph 71.

72. Paragraph 72 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73. Paragraph 73 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74. Paragraph 74 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

Answering the "WHEREFORE" clause following Paragraph 76, Defendants deny that TF Intellectual Property and Culture Kings are entitled to any recovery or relief whatsoever.

## THIRD CAUSE OF ACTION

**(Common Law Trademark Infringement)**

**(TF Intellectual Property and Culture Kings Against All Defendants)**

77. Defendants reassert and reaffirm the answers in the preceding paragraphs as if fully set forth herein.

78. Paragraph 78 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 78.

79. Paragraph 79 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80. Paragraph 80 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. Paragraph 81 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

Answering the "WHEREFORE" clause following Paragraph 81, Defendants deny that TF Intellectual Property and Culture Kings are entitled to any recovery or relief whatsoever.

## FOURTH CAUSE OF ACTION

**(Declaratory Judgment that 2023 Agreement Was Superseded)**

**(Plaintiffs Against All Defendants)**

82. Defendants reassert and reaffirm the answers in the preceding paragraphs as if fully set forth herein.

83. Admitted.

84. Admitted in part. Defendants admit that a declaratory judgment is necessary and proper. Defendants deny that the 2023 Consulting Agreement between a.k.a. Brands and Defendants does not govern. Defendants deny that the 2023 Consulting Agreement between a.k.a. Brands and Defendants was superseded by the 2024 Consulting Agreement.

85. Admitted.

86. Admitted.

Answering the "WHEREFORE" clause following Paragraph 86, Defendants

deny that Plaintiffs are entitled to any recovery or relief whatsoever.

**FIFTH CAUSE OF ACTION**

**(Breach of 2024 Consulting Agreement)**

**(a.k.a. Brands Against All Defendants)**

87. Defendants reassert and reaffirm the answers in the preceding paragraphs as if fully set forth herein.

88. Paragraph 88 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. Paragraph 89 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90. Paragraph 90 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91. Paragraph 91 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92. Paragraph 92 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93. Paragraph 93 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93.

Answering the "WHEREFORE" clause following Paragraph 93, Defendants deny that a.k.a. Brands is entitled to any recovery or relief whatsoever.

**DEMAND FOR JURY TRIAL**

No response to Plaintiffs' jury demand is required. To the extent a response is required, Defendants reserve the right to move to strike Plaintiffs' jury demand. Defendants also request a jury trial on all issues so triable.

**GENERAL DENIAL**

All allegations in the Complaint not expressly admitted above are denied.

**AFFIRMATIVE DEFENSES**

Defendants allege and incorporate by reference their counterclaims, as alleged in Dkt. No. 24, for each affirmative defense asserted herein.[1]

Defendants allege and assert the following defenses in response to Plaintiffs' allegations, undertaking the burden of proof only as to those defenses they are required to under applicable law, regardless of how such defenses are denominated herein. Defendants expressly reserve the right to amend their Answer or assert additional defenses and/or counterclaims as they become known through the course of discovery.

1. Plaintiffs' claims are barred, in whole or in part, on the grounds that the Court lacks personal jurisdiction over Defendants.

2. Plaintiffs' claims are barred, in whole or in part, based on equitable estoppel, including, but not limited to, for the reasons set forth in paragraphs 1, 3-4, 8, 17-28, 30-44, 64, 66, 68-71, 76, 83, 86 of the counterclaims.

3. Plaintiffs' claims are barred, in whole or in part, based on unclean hands, including, but not limited to, for the reasons set forth in paragraphs 4, 5, 25-28, 55-62, and 66-91 of the counterclaims.

4. Plaintiffs' claims are barred, in whole or in part, based on acquiescence, including, but not limited to, for the reasons set forth in paragraphs

---

[1] Unless otherwise noted, "Dkt. No." refers to docket entries in Case No. 2:25-cv-00901.

17-34, 36-37, and 39-44 of the counterclaims.

5. Plaintiffs' claims are barred, in whole or in part, on the grounds that the 2024 Consulting Agreement was never signed, nor were the terms agreed to by the Parties, and is thus an unenforceable contract.

6. Plaintiffs' claims are barred, in whole or in part, on the grounds that Defendants did not breach any contract or agreement with Defendants.

7. Plaintiffs' claims are barred, in whole or in part, on the grounds that Plaintiffs have suffered no damages and/or have failed to mitigate its damages, if any.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court dismiss this action in its entirety, with prejudice; that Defendants be awarded its attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and that Defendants be awarded such further relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: ~~February 25~~<ins>March 20</ins>, 2025 | DAVIS POLK & WARDWELL LLP |
| 2 | | By: */s/ Micah G. Block* |
| 3 | | Micah G. Block (SBN 270712)<br>micah.block@davispolk.com<br>DAVIS POLK & WARDWELL LLP<br>900 Middlefield Road, Suite 200<br>Redwood City, California 94063<br>Telephone: (650) 752-2000<br>Facsimile: (650) 752-2111 |
| | | Lara Samet Buchwald<br>lara.buchwald@davispolk.com<br>(<ins>admitted</ins> *pro hac vice* ~~application pending~~)<br>Deborah S. Mazer<br>deborah.mazer@davispolk.com<br>(<ins>admitted</ins> *pro hac vice* ~~application pending~~)<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800 |
| | | Gopi K. Panchapakesan (SBN 279586)<br>gkp@birdmarella.com<br>BIRD, MARELLA, RHOW, LINCENBERG, DROOKS, & NESSIM, LLP<br>1875 Century Park East, 23rd Floor<br>Los Angeles, CA 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110 |
| | | *Attorneys for Defendants Whitney Morgan LLC, The Powell Companies, LLC, and Zahra Bahari* |

14

DEFENDANTS' <ins>AMENDED</ins> ANSWER TO COMPLAINT

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.10.1.2 Document comparison done on 3/20/2025 3:50:45 PM** ||
| **Style name:** Comments+Color Legislative Moves+Images ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** DRAFT Answer to the Complaint (002).docx ||
| **Modified filename:** 2025.03.20 Answer to the Complaint Incorporating Counterclaims by Reference.docx ||
| **Changes:** ||
| Add | 17 |
| Delete | 5 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 22 |