**VENABLE LLP**
Ari N. Rothman (SBN 296568)
  *anrothman@venable.com*
Sarah S. Brooks (SBN 266292)
  *ssbrooks@venable.com*
Allison C. Nelson (SBN 319321)
  *acnelson@venable.com*
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:  310.229.9901

*Attorneys for Plaintiffs*
A.K.A. BRANDS HOLDING CORP.,
TF INTELLECTUAL PROPERTY
PTY LTD, AND CULTURE KINGS
USA, INC.

Micah G. Block (SBN 270712)
  micah.block@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone:  (650) 752-2000
Facsimile:  (650) 752-2111

Lara Samet Buchwald
  lara.buchwald@davispolk.com
Deborah S. Mazer
  deborah.mazer@davispolk.com
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800

Gopi K. Panchapakesan (SBN 279586)
  gkp@birdmarella.com
BIRD, MARELLA, RHOW,
  LINCENBERG, DROOKS, &
  NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

*Attorneys for Defendants-*
*Counterclaimants*
*Whitney Morgan LLC and The Powell*
*Companies, LLC, and Defendant Zahra*
*Bahari*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

|  |  |
|---|---|
| A.K.A. BRANDS HOLDING CORP., TF INTELLECTUAL PROPERTY PTY LTD, and CULTURE KINGS USA, INC., Plaintiffs, v. ZAHRA BAHARI, THE POWELL COMPANIES, LLC, and WHITNEY MORGAN LLC, Defendants. | Case No. 2:25-cv-00901-MCS-AS Hon. Mark C. Scarsi, Courtroom 7C **JOINT 26(f) REPORT** Date:       April 21, 2025 Time:       10:00 a.m. Dept.:      Courtroom 7C Action Filed:         February 3, 2025 Counterclaim Filed:  February 25, 2025 Trial Date:           None Set. |

1

2

WHITNEY MORGAN LLC AND THE
POWELL COMPANIES, LLC,

3

                    Counterclaimants,

4

          v.

5

A.K.A. BRANDS HOLDING CORP.

6

                    Counterclaim-Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f); L.R. 26-1; and this Court's February 26, 2025 Order Setting Conference (Dkt. 30), plaintiffs a.k.a. Brands Holding Corp., TF Intellectual Property Pty Ltd, and Culture Kings USA, Inc., defendants-Counterclaimants The Powell Companies, LLC and Whitney Morgan LLC, and defendant Zahra Bahari, by and through their respective counsel, submit this Joint Rule 26(f) Report in advance of the April 21, 2025 Scheduling Conference.

## A.     STATEMENT OF THE CASE

### 1.     Plaintiffs' Position

This action arises from defendants' sale of counterfeit products, which breached the parties' agreement and infringed on plaintiffs' trademark rights.  The parties entered into a consulting agreement in April 2024. (Dkt. 1 at ¶ 2.)  Under that agreement, defendants agreed to develop a strategy for the distribution of plaintiffs' products. (Id. at ¶¶ 2, 44–46.)

But, in August 2024, Zahra Bahari duped a.k.a. Brands into approving a bogus Shopify order for clothing marked with plaintiffs' Loiter®, American Thrift™ and Goat Crew™ brands that she alleged was for personal use. (Id. at ¶¶ 2–3.)  Bahari then had counterfeit goods manufactured and sold these counterfeit and unauthorized goods to retailer Hibbett. (Id.)  Plaintiffs only learned of the deception in December 2024, and not through Bahari herself nor any defendant. (Id. at ¶ 43.)

Defendants' conduct materially deviated from the parties' agreed-upon order of operations, breached the parties' agreement, and infringed on plaintiffs' trademark rights.

Defendants take the position that their conduct was authorized based on a prior 2023 agreement that was superseded by the April 2024 agreement. (Id. at ¶ 5.) Defendants also take the position that New York law applies, even though the 2024 Consulting Agreement contains a California choice of law provision.  They are wrong on both counts.  a.k.a. Brands terminated the 2024 Consulting Agreement,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

which by its terms superseded the 2023 Consulting Agreement.  Additionally, the 2024 Consulting Agreement controls because defendants explicitly consented in writing to all of its terms, conducted themselves as though the 2024 Consulting Agreement applied, and accepted a.k.a. Brands' performance under that Agreement for seven months thereafter.

Thus, on February 3, 2025, plaintiffs filed a complaint, asserting federal trademark infringement, false designation of origin, common law trademark infringement, a declaratory judgment that the 2023 agreement was superseded by the 2024 agreement, and breach of contract of the 2024 agreement. (Id.)

### 2.    Defendants and Counterclaimants' Position

a.k.a. Brands and Whitney Morgan entered into an agreement in November 2023 ("2023 Consulting Agreement"), pursuant to which Whitney Morgan agreed to expand distribution and explore key partnerships for certain of a.k.a.'s brands. Although the Parties held further discussions about and exchanged drafts of a potential amended agreement in April 2024, no superseding agreement was ever signed.  In 2023 and 2024, Whitney Morgan expended significant efforts and developed at least $200 million in business opportunities for a.k.a. Brands.

In November 2024, a.k.a. Brands and The Powell Companies entered into two "time is of the essence" agreements: a Purchase Order (the "Purchase Order" and an additional Product Purchases and Release Agreement (the "Release Agreement") under which it agreed to purchase and sell goods from a.k.a. Brands for distribution.

Now, a.k.a. Brands seeks to back out of obligations under each of these contracts.  a.k.a. Brands has failed to pay what it committed under the 2023 Consulting Agreement, instead purporting to terminate an unsigned April 2024 consulting agreement and fabricating a narrative relating to Defendant Zahra Bahari's online order.  Nor has a.k.a. Brands performed its obligations under the Purchase Order and Release Agreement, having failed to deliver any product at all.

The 2023 Consulting Agreement remains in force and Counterclaim-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-2-

Defendant a.k.a. Brands breached it by, inter alia, interfering with fees and commissions owed to Whitney Morgan.  Alternatively, a.k.a. Brands has been unjustly enriched by Counterclaimants' services.  Additionally, a.k.a. Brands breached the Purchase Order and Release Agreement by failing to deliver goods under the agreement.  Defendants raise six affirmative defenses: (1) no agreement superseded the 2023 Consulting Agreement; (2) Defendants did not breach any agreement; (3) estoppel; (4) unclean hands; (5) acquiescence; and (6) Plaintiffs suffered no damages.  Whitney Morgan and The Powell Companies raised personal jurisdiction defenses, but consent to personal jurisdiction in this action; Zahra Bahari has raised the defense that the Court lacks personal jurisdiction over her.

## B.    **SUBJECT MATTER JURISDICTION**

### 1. Plaintiffs' Position

The Court has subject matter jurisdiction over plaintiffs' Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over plaintiffs' state law claims because they are joined with substantial and related claims under the Lanham Act.  This Court also has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367(a), as those claims are part of the same case or controversy as the federal claims alleged herein.

### 2.  Defendants and Counterclaimants' Position

The Court has subject matter jurisdiction over the counterclaims of the Powell Companies, LLC and Whitney Morgan LLC pursuant to 28 U.S.C. § 1332. Counterclaimant The Powell Companies is a citizen of New York, Virginia, and Florida and Counterclaimant Whitney Morgan is a citizen of New York, New Jersey, Virginia, and Florida.  Counterclaim-Defendant a.k.a. Brands is a citizen of Delaware and California.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## C. **LEGAL ISSUES**

The key legal issues in this litigation include:

**1.  Plaintiffs' Position**

    i.    whether defendants materially breached the 2024 Consulting Agreement;

    ii.    whether plaintiffs are entitled to a declaratory judgment that the 2023 Consulting Agreement was superseded by the 2024 Consulting Agreement;

    iii.    whether Zahra Bahari is the alter ego of The Powell Companies and/or Whitey Morgan;

    iv.    whether defendants are infringing or have infringed plaintiffs' registered trademark through their unauthorized use of the LOITER Marks;

    v.    whether defendants' infringement is or was knowing, intentional, and willful;

    vi.    whether defendants are engaging or have engaged in false designation of origin by selling products bearing the LOITER, AMERICAN THRIFT, and GOAT CREW Marks without TF Intellectual Property and Culture Kings' permission or authority;

    vii.    whether defendants are infringing or have infringed on TF Intellectual Property and Culture Kings' common law trademark rights through their unauthorized use of the AMERICAN THRIFT and GOAT CREW Marks;

    viii.    whether defendants' use of the marks creates a likelihood of consumer confusion;

    ix.    whether plaintiffs' are entitled to injunctive relief to prevent further unauthorized conduct from defendants;

    x.    whether plaintiffs have been and will continue to be damaged as

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-4-

1    a direct and proximate result of defendants' unlawful conduct;

2    and

3    xi.    the amount of damages that plaintiffs have suffered.

4    **2. Defendants and Counterclaimants' Position**

5    i.    whether a.k.a. Brands materially breached the 2023 Consulting

6    Agreement;

7    ii.    whether the Parties agreed to amend and supersede their 2023

8    Consulting Agreement despite not agreeing on all material terms

9    of an amendment;

10    iii.    whether a.k.a. Brands materially breached the Purchase Order or

11    Release Agreement;

12    iv.    whether Plaintiffs licensed, authorized and/or released

13    Defendants' use of the LOITER, GOAT CREW, and AMERICAN

14    THRIFT Marks;

15    v.    whether New York law applies to the breach of contract

16    counterclaim and the unjust enrichment counterclaim;

17    vi.    whether a.k.a. Brands has been unjustly enriched from its receipt

18    of valuable services and its failure to compensate

19    Counterclaimants;

20    vii.    whether Plaintiffs engaged in inequitable conduct in their

21    relationships with Defendants, have unclean hands, and/or are

22    estopped from asserting their claims;

23    viii.    whether Plaintiffs failed to mitigate any damages they allege to

24    have suffered;

25    ix.    the amount of damages that Counterclaimants have suffered;

26    x.    whether there is personal jurisdiction over Ms. Bahari, a New York

27    resident; and

28    xi.    whether there is any proper basis to name Ms. Bahari in her

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-5-

individual capacity.

**D.**     **PARTIES, EVIDENCE, ETC.**

**1.     Parties**

The Parties to this litigation are:

     i.     a.k.a. Brands Holding Corp., a Delaware corporation with its principal place in San Francisco, California 94104.  a.k.a. Brands has no parent corporation and no publicly held corporation owns 10% or more of its stock.

     ii.     TF Intellectual Property Pty Ltd, an Australian proprietary limited company with a business address in Queensland, Australia.  TF Intellectual Property's parent company is Culture Kings Group Pty Ltd.  Culture Kings Group Pty Ltd is not a publicly traded corporation, and no publicly traded corporation owns 10% or more of TF Intellectual Property Pty Ltd's stock.

     iii.     Culture Kings USA, Inc. a Delaware corporation with its principal place of business in Costa Mesa, California.  Culture Kings is a direct subsidiary of a.k.a. Midco Holdings Corp., which is a direct subsidiary of a.k.a. Intermediate Holding Corp., which is a direct subsidiary of a.k.a. Brands Holding Corp., a publicly traded corporation.  a.k.a. Brands Holding Corp. owns 10% or more of the stock of Culture Kings USA, Inc.

     iv.     Zahra Bahari, an individual who is a New York citizen, and operates, and is the Chief Executive Officer of The Powell Companies, LLC; and founded and operates Whitney Morgan LLC and is the Chief Executive Officer of Whitney Morgan LLC.

     v.     The Powell Companies, LLC, a Delaware limited liability company with a principal place of business in New York, New

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1    York.

2        vi.    Whitney Morgan LLC, a Delaware limited liability company

3            with a principal place in New York, New York.

4    **2.    Percipient Witnesses**

5        i.    <u>Plaintiffs' Position</u>: At this time, plaintiffs identify the following

6            witnesses (which is subject to supplementing following discovery):

7            (1) defendant Zahra Bahari; (2) John Gonneville, employed at

8            plaintiff a.k.a. Brands (3) Steven Powell, employed at defendant The

9            Powell Companies; (4) Varetta Banks, employed at Hibbett and

10            other Hibbett employees associated with the products sold to

11            Hibbett and the subject of this lawsuit; (5) Nordstrom employees

12            that defendant Bahari communicated with; (6) Victoria Perry,

13            President of Petal & Pup; (7) TJ Maxx employees that defendant

14            Bahari communicated with; (8) Macy's employees that defendant

15            Bahari communicated with; (9) Samsung employees that defendant

16            Bahari communicated with; (10) Zumiez employees that defendant

17            Bahari communicated with; and (11) manufacturers that defendant

18            Bahari communicated with and that manufactured the goods

19            defendants sold to Hibbett.

20        ii.    <u>Defendants and Counterclaimants' Position</u>: At this time,

21            defendants identify the following witnesses (which is subject to

22            supplementing following discovery): (1) Zahra Bahari (Whitney

23            Morgan/The Powell Companies); (2) John Gonneville (a.k.a.

24            Brands, VP of Strategy and M&A); (3) Ciaran Long (a.k.a. Brands,

25            CEO); (4) Victoria Perry (Princess Polly/Petal & Pup); (5) Courtney

26            Dres (Princess Polly, Chief Merchandise Officer); (6) Laurie

27            Waddell (a.k.a. Brands, Director of Planning); (7) Emily Ziegler

28            (Petal & Pup, Chief Merchandise Officer); and (8) licensors of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-7-

inventory that a.k.a. Brands agreed to and failed to deliver).

**3.    Evidence and Key Documents**

i.    <u>Plaintiffs' Position</u>: At this time, plaintiffs identify the following categories of evidence and documents (which is subject to change following discovery): (1) the 2023 and 2024 Consulting Agreements; (2) correspondence concerning the August 2024 Shopify order; (3) correspondence with Hibbett concerning the trademark-protected goods; (4) defendants' correspondence with plaintiffs regarding TJ Maxx, Samsung, Nordstrom, Macy's and Zumiez projected sales; (5) correspondence in which defendants introduced plaintiffs to Samsung, Nordstrom, Macy's and/or Zumiez (6) Plaintiffs' selection, adoption, and use of its LOITER, GOAT CREW, and AMERICAN THRIFT Marks in the United States, including plaintiffs' first use of the LOITER, GOAT CREW, and AMERICAN THRIFT Marks in commerce; and (7) any evidence of confusion as to the source, sponsorship, affiliation, or approval of goods and services.

<u>Other documents in the possession of Defendants include</u>:

(1) defendants' volume of sales of goods and services under the LOITER, GOAT CREW, and AMERICAN THRIFT Marks; (2) defendants' profits, revenues, costs, and expenses relating to the goods sold to Hibbett, TJ Maxx, Samsung, Nordstrom, Macy's and Zumiez; and (3) defendants' knowledge and awareness of plaintiffs and the LOITER, GOAT CREW, and AMERICAN THRIFT Marks; and (4) invoices, bills of lading, and shipping records related to the manufacturing and sales of the trademark-protected products to Hibbett.

ii.    <u>Defendants and Counterclaimants' Position</u>: At this time,

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

defendants identify the following categories of evidence and documents (which is subject to change following discovery): (1) the November 2023 Consulting Agreement; (2) subsequent negotiations relating to a possible April 2024 amendment to the 2023 Consulting Agreement; (3) the Purchase Order bearing the number 722219; (4) the Release Agreement; (5) communications between the Parties and/or their officers, employees, or agents; (6) communications between the Parties and third parties, including but not limited to Hibbett, TJ Maxx, Samsung, Nordstrom, Macy's and Zumiez; (7) tech packs, line sheets, brand decks, and other information provided by a.k.a. Brands to Whitney Morgan.

**E.    DAMAGES**

**1.    Plaintiffs' Position**

Plaintiffs' damages include actual damages, punitive damages, attorneys' fees, and costs, as well as all of defendants' profits or gains of any kind from their acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages.  It is difficult for plaintiffs to provide an estimate of damages without receiving discovery regarding defendants' sales, profits, and other financial information.  Damages will continue to accrue during the pendency of this suit.  Plaintiffs may also seek enhanced damages for willful infringement, an award of attorneys' fees and/or statutory damages under 15 U.S.C. § 1117.  Because defendants may be jointly and severally liable for any damages awarded to plaintiffs, each defendant would be liable for the total damages awarded to plaintiffs.

**2.    Defendants and Counterclaimants' Position**

Counterclaimants have suffered actual damages of no less than $35 million, in an amount to be proven at trial.  These damages arise from Plaintiff-Counterclaim-Defendant's a.k.a. Brands' breach of the 2023 Consulting

-9-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Agreement, the Purchase Order, and the Release Agreement. In the alternative, Counterclaimants are entitled to restitution as a result of Plaintiff-Counterclaim-Defendant's a.k.a. Brands' unjust enrichment, in an amount to be proven at trial. Counterclaimants' damages will continue to accrue during the pendency of this suit. Defendants may also seek an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**F.    INSURANCE**

    **1. Plaintiffs' Position**

Plaintiffs are not aware of any applicable insurance coverage at this time, but continue to investigate.

    **2. Defendants and Counterclaimants' Position**

Defendants and counterclaimants are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, but they are continuing to investigate.

**G.    MOTIONS**

    **1.    Plaintiffs' Position**

Plaintiffs do not presently anticipate bringing any motions to add claims or parties or to amend pleadings. However, plaintiffs reserve their right to amend their complaint and answer to defendants' counterclaims to assert additional claims or defenses, or to add additional parties, based on information revealed during discovery.

    **2.    Defendants and Counterclaimants' Position**

Defendants and Counterclaimants do not anticipate moving to add claims, add parties, amend pleadings, or transfer venues at this time. However, Defendants and Counterclaimants reserve their right to amend their pleadings based on information revealed during discovery.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**H.    DISPOSITIVE MOTIONS**

**1.    Plaintiffs' Position**

Plaintiffs anticipate filing a motion for summary judgment on part or all of their claims and on part or all of defendants' counterclaims.  Plaintiffs request that the Court set a deadline of September 12, 2025 for defendants to bring any motion to dismiss for lack of personal jurisdiction.

**2.    Defendants and Counterclaimants' Position**

Defendants anticipate filing a motion for summary judgment on part of all of the claims against them and their defenses, including the claims against Zahra Bahari in her individual capacity.  Counterclaimants may file a motion for summary judgment on one or more of their counterclaims or on a.k.a. Brands' affirmative defenses to the counterclaims.

Defendants and Counterclaimants take no position on whether the Court should set a separate deadline for any motion concerning Ms. Bahari's personal jurisdiction defense.  To the extent the Court sets a deadline, that deadline should not be limited to a motion to dismiss and should apply to any motion made on that defense.

**I.    MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that this case is complex as contemplated by the Manual for Complex Litigation, and agree that the procedures of the Manual for Complex Litigation should not be utilized.

**J.    STATUS OF DISCOVERY**

The Parties have begun conducting discovery in accordance with the Court's guidance that "counsel should begin to conduct discovery actively before the Scheduling Conference." ECF No. 21 at 6.  On March 25, 2025, plaintiffs served their first set of Requests for Production on Zahra Bahari, their first set of Requests for Production on The Powell Companies, LLC, and their first set of Requests for Production on Whitney Morgan LLC.  Also on March 25, 2025, plaintiffs served

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

their first set of Interrogatories and Requests for Admission on each defendant. Defendants' responses to plaintiffs' discovery are due April 24, 2025.

Defendants and counterclaimants have collected data, anticipate making their first document productions promptly, and anticipate serving their initial discovery after the April 15, 2025 date for service of initial disclosures.

## K.    DISCOVERY PLAN

### 1.    Initial Disclosures

The Parties have agreed to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) no later than April 15, 2025.

### 2.    Scope of Discovery

Plaintiffs anticipate discovery on at least the following topics:

    i.    The Shopify order placed around August 2024, including the representations made, purpose, and any recipients of the purported gifts;

    ii.    Defendants' communications with Hibbett regarding the sale of any goods bearing plaintiffs' LOITER, GOAT CREW, and AMERICAN THRIFT Marks;

    iii.    Defendants' revenues, profits, expenses, and financial records, including concerning the counterfeit products;

    iv.    Defendants' revenue projections and other projections asserted in paragraph 90 of its counterclaims;

    v.    The negotiation, execution, and terms of the 2023 and 2024 Consulting Agreements, including intent and performance by all parties;

    vi.    Conduct of Powell Companies and Zahra Bahari in relation to the alleged aiding and abetting of contract breach;

    vii.    Defendants' use of plaintiffs' LOITER, GOAT CREW, and AMERICAN THRIFT Marks, including the scope and nature of

    

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1    such use;

2    viii.    The design, manufacture, sourcing, and distribution of products

3    bearing the LOITER, GOAT CREW, and AMERICAN THRIFT

4    Marks;

5    ix.    Defendants' internal communications and decision-making

6    regarding the disputed sales and use of the LOITER, GOAT CREW,

7    and AMERICAN THRIFT Marks;

8    x.    Defendants' awareness and knowledge of plaintiffs' trademarks and

9    brand protection practices;

10    xi.    The likelihood of consumer confusion, including an expert survey

11    on the same; and

12    xii.    The scope of damages, including expert discovery on the same.

13    Defendants and Counterclaimants anticipate discovery on at least the

14    following topics:

15    i.    Negotiation, drafting, execution, and business understanding of the

16    2023 Consulting Agreement;

17    ii.    Negotiation, drafting, and business understanding of any alleged

18    2024 amendment to the 2023 Consulting Agreement;

19    iii.    Negotiation, drafting, execution, and business understanding of the

20    Purchase Order and the Release Agreement;

21    iv.    The Parties' performance under the 2023 Consulting Agreement,

22    Purchase Order, and Release Agreement;

23    v.    Plaintiffs' license, authorization or release of Defendants' use of the

24    LOITER, GOAT CREW, and AMERICAN THRIFT Marks,

25    including the scope and nature of such use, whether express or

26    implied;

27    vi.    Plaintiffs' communications with Defendants regarding Defendants'

28    approved use of the LOITER, GOAT CREW, and AMERICAN

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-13-

THRIFT Marks, including the scope and nature of such use;

vii.    The scope of damages, including expert discovery on the same;

viii.    Internal a.k.a. Brands communications regarding Hibbett, Nordstrom, TJ Maxx, Zumiez, Samsung, and Macy's;

ix.    Documents regarding retail strategy, wholesale strategy, and/or financial/sales projections for a.k.a. Brands, including any of its brands, such as Petal & Pup, Princess Polly, Loiter, Carre, Goat Crew, or American Thrift;

x.    Documents or communications from a.k.a. Brands about Whitney Morgan LLC, The Powell Companies, LLC, or Zahra Bahari.

The Parties' respective proposed deadlines for the completion of fact and expert discovery are set forth in Exhibit A. The Parties agree that fact discovery should conclude before the conclusion of expert discovery.

**3.**    **Disclosure and Preservation**

The Parties will work to submit a joint order relating to the discovery of Electronically Stored Information.

**4.**    **Disclosure of Privileged Information**

The Parties will work to submit a joint Protective Order, which will address Federal Rule of Evidence 502.

**5.**    **Changes to Limitations on Discovery**

**Plaintiffs' Position**

i.    Plaintiffs proposes a 90-day period for jurisdictional discovery limited to issues relevant to personal jurisdiction over the defendant Bahari. This period would allow for written discovery and depositions directly tied to the factual basis of the Court's personal jurisdiction, without affecting the broader discovery schedule or limits under the Federal Rules of Civil Procedure. Plaintiffs propose that the Parties shall be limited to two depositions related to personal jurisdiction and 10

-14-

interrogatories on the issue of personal jurisdiction. Depositions taken on issues relevant to personal jurisdiction of defendants shall not count against the number of depositions permitted under Rule 30(a)(2)(A). Similarly, interrogatories propounded on issues of personal jurisdiction shall not count against the 25 interrogatory limit under Rule 33(a)(1).

ii.   In addition, Plaintiffs propose expanding the presumptive limit of 10 depositions from Fed. R. Civ. P. 30(a)(2)(A)(i) to allow up to 15 depositions, including third party depositions because of the numerous third parties expressly named in Defendants' counterclaim allegations (Nordstrom, Hibbett, Zumiez, Macy's, Samsung etc.) The proposed limit of 15 will also exclude expert depositions and depositions taken on issues relevant to personal jurisdiction as noted above.

**Defendants and Counterclaimants' Position**

i.   Defendants and Counterclaimants agree with Plaintiffs' proposal in K(5)(i) for a 90-day period of jurisdictional discovery that will not act as a stay of other discovery in this case.

ii.   Defendants and Counterclaimants propose that the Parties shall be limited to one deposition related to personal jurisdiction (limited to four hours) and 5 interrogatories on the issue of personal jurisdiction. Defendants and Counterclaimants believe that Plaintiffs' proposal is excessive given the issue is limited to whether Ms. Bahari, a resident of New York, is subject to personal jurisdiction in California.

iii.   Defendants and Counterclaimants agree with Plaintiffs' proposal in K(5)(ii) that depositions taken on issues relevant to personal jurisdiction and interrogatories propounded on the issue of personal jurisdiction shall not count against the number of depositions permitted under Rule 30(a)(2)(a) and the 25 interrogatory limit under Rule 33(a)(1), respectively.  To be clear, Defendants and Counterclaimants

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

believe the numbers proposed by Plaintiffs are excessive.

iv. Defendants and Counterclaimants do not agree with Plaintiffs' proposal in K(5)(iii) and believe that Plaintiffs' attempts to expand discovery and slow down this case are unnecessary and inappropriate. The 10-deposition limit in Rule 30(a)(2)(A)(i) shall apply. Expert depositions and any deposition taken on issues relevant to personal jurisdiction as noted above shall not count toward the Rule 30 limit.

## L.    DISCOVERY CUT-OFF

### 1. Plaintiffs' Position

Plaintiffs propose that the fact discovery cut-off be set for April 10, 2026, to give the parties enough time to conduct third-party discovery, and expert discovery given the many fact and expert issues set forth herein and in the pleadings and exhibits attached thereto. Defendants' proposal for only six months of fact discovery and other deadlines are tied to their request for trial in less than this Court's 18-month window set forth in the schedule worksheet attached hereto. Given the complexity of the case, number of third parties and parties involved, and a class action trial scheduled in another matter after July 13, 2026, there is no ground to shorten the deadlines in this case and defendants will not suffer any prejudice if this Court accepts plaintiffs' proposed deadlines especially since no party seeks any injunctive relief.

### 2. Defendants and Counterclaimants' Position

Defendants propose that the fact discovery cut-off be set for October 13, 2025. This is a straightforward breach-of-contract dispute between a large public company on the one hand, and two LLCs on the other. While a.k.a. Brands, as Plaintiff, seemingly wants to draw out this dispute—including by serving no fewer than 413 requests for production, 31 Interrogatories, and 138 requests for admission to date—that behavior need not delay discovery. There is a finite universe of relevant information and the Parties and their counsel have ample time to complete discovery

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

under Defendants and Counterclaimants' proposal.

**M.**  **EXPERT DISCOVERY**

**1.    Plaintiffs' Position**

Plaintiffs propose the following deadlines for expert discovery, which are also reflected in Exhibit A:

- Expert Disclosures (Initial): April 17, 2026
- Expert Disclosures (Rebuttal): May 15, 2026
- Expert Discovery Cut-off: June 5, 2026

**2.    Defendants' Position**

Defendants propose the following deadlines for expert discovery, which are also reflected in Exhibit A:

- Expert Disclosures (Initial): October 20, 2025
- Expert Disclosures (Rebuttal): November 10, 2025
- Expert Discovery Cut-off: November 17, 2025

**N.**  **SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

The Parties have engaged in settlement discussions by email and over phone calls before this lawsuit was filed, but they have not been able to come to an agreement.  Plaintiffs believe that this case is best suited for private mediation (ADR No. 3).  Defendants and Counterclaimants believe that mediation before a Magistrate Judge is appropriate (ADR No. 1).

Although the Parties do not yet have a proposed time of when the mediation should occur, they believe that any such mediation will be the most productive if conducted after the close of fact discovery.

**O.**  **TRIAL ESTIMATE**

The Parties differ as to their estimates regarding the length of the trial. Plaintiffs estimate that the trial will be 7 days, and Defendants estimate that the trial will be 4 days.  The Parties request that any trial be conducted before a jury.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Plaintiffs anticipate calling approximately 9 witnesses, including 3 experts. Other witnesses may be presented via videotaped deposition. Defendants anticipate calling 5 to 8 witnesses.

Counsel for Plaintiffs have another trial scheduled in the Central District of California set to begin at any time after a final pretrial conference on July 13, 2026.

**P.     TRIAL COUNSEL**

Plaintiffs' trial counsel are expected to be Ari N. Rothman, Sarah S. Brooks, and Allison C. Nelson of Venable LLP.

Defendants' trial counsel are expected to be Micah Block, Lara Samet Buchwald, and Deborah Mazer of Davis Polk & Wardwell LLP and Gopi Panchapakesan of Bird Marella LLP.

**Q.     INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that this matter requires the appointment of a master pursuant to Rule 53 or an independent scientific expert.

**R.     SCHEDULE WORKSHEET**

The completed Schedule Worksheet is attached as Exhibit A.

**S.     OTHER ISSUES**

Plaintiffs acknowledge that this Court prefers trials to be set 18 months from the date that the complaint is filed. However, Counsel for Plaintiffs have another trial scheduled in the Central District of California set to begin at any time on or after July 13, 2026. Defendants' proposed schedule would have Plaintiffs' counsel preparing for two trials at the same time while shortening all of the other deadlines for reasons unexplained. Further, Defendants' proposed schedule is not workable because it does not allow for enough time for fact discovery given the extensive third-party discovery in this case, as noted above.

Defendants and Counterclaimants have proposed a schedule that is designed to conform to the Court's individual practices and leaves approximately three months between this trial and Plaintiffs' counsel's trial, which is expected to begin

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-18-

in late summer 2026. While we have tried to accommodate the one member of Plaintiffs' team with a trial in 2026, and while members of Defendants and Counterclaimants' legal teams also have trial during 2025-26, we cannot agree to delay resolution of this case because of one trial.

Finally, the Parties consent to electronic service of all documents in this case.

Dated:  April 7, 2025                          VENABLE LLP


                                                /s/ Sarah S. Brooks
                                        By:     Ari N. Rothman
                                                Sarah S. Brooks
                                                Allison C. Nelson

                                                *Attorneys for Plaintiffs*
                                                A.K.A. BRANDS HOLDING
                                                CORP., TF INTELLECTUAL
                                                PROPERTY PTY LTD,
                                                and CULTURE KINGS USA, INC.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-19-

Case No. 2:25-cv-00901-MCS-AS                                    JOINT RULE 26(f) REPORT

Dated: April 7, 2025                          DAVIS POLK & WARDWELL LLP

                                        By:  */s/ Lara S. Buchwald*
                                             _____

                                             Micah G. Block (SBN 270712)
                                               micah.block@davispolk.com
                                             DAVIS POLK & WARDWELL LLP
                                             900 Middlefield Road, Suite 200
                                             Redwood City, California 94063
                                             Telephone:   (650) 752-2000
                                             Facsimile:   (650) 752-2111

                                             Lara Samet Buchwald
                                               lara.buchwald@davispolk.com
                                               (admitted *pro hac vice*)
                                             Deborah S. Mazer
                                               deborah.mazer@davispolk.com
                                               (admitted *pro hac vice*)
                                             DAVIS POLK & WARDWELL LLP
                                             450 Lexington Avenue
                                             New York, New York 10017
                                             Telephone:   (212) 450-4000
                                             Facsimile:   (212) 701-5800

                                             Gopi K. Panchapakesan (SBN 279586)
                                               gkp@birdmarella.com
                                             BIRD, MARELLA, RHOW, LINCENBERG,
                                               DROOKS, & NESSIM, LLP
                                             1875 Century Park East, 23rd Floor
                                             Los Angeles, CA 90067-2561
                                             Telephone:   (310) 201-2100
                                             Facsimile:   (310) 201-2110

                                             *Attorneys for Defendants*
                                             *Whitney Morgan LLC, The Powell*
                                             *Companies, LLC, and Zahra Bahari*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## <u>ATTESTATION</u>

Pursuant to Civ. L.R. 5-4.3.4, the undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated:  April 7, 2025                              VENABLE LLP

                                                   */s/ Sarah S. Brooks*
                                    By:            Ari N. Rothman
                                                   Sarah S. Brooks
                                                   Allison C. Nelson

                                                   *Attorneys for Plaintiffs*
                                                   A.K.A. BRANDS HOLDING CORP.,
                                                   TF INTELLECTUAL PROPERTY
                                                   PTY LTD,
                                                   and CULTURE KINGS USA, INC.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

| Case No. | Case Name: | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: ☒ Jury Trial or ☐ Court Trial<br>(***Tuesday*** at 8:30 a.m., within 18 months after Complaint filed)<br>Estimated Duration: _____ Days | | 10/06/26 | 05/05/26 | ☐ Jury Trial<br>☐ Court Trial<br>_____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (***Monday*** at 2:00 p.m., at least 15 days before trial) | | 09/21/26 | 04/20/26 | |
| **Event**[1]<br>***Note***: Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to ***Hear*** Motion to Amend Pleadings/Add Parties *[Monday]* | | | 10/13/25 | |
| Non-Expert Discovery Cut-Off<br>(no later than deadline for ***filing*** dispositive motion) | 17 | 04/10/26 | 10/13/25 | |
| Expert Disclosure (Initial) | | 04/17/26 | 10/20/25 | |
| Expert Disclosure (Rebuttal) | | 05/15/26 | 11/10/25 | |
| Expert Discovery Cut-Off | 12[2] | 06/05/26 | 11/17/25 | |
| Last Date to ***Hear*** Motions *[Monday]*<br>    Rule 56 Motion due at least 5 weeks before hearing<br>    Opposition due 2 weeks after Motion is filed<br>    Reply due 1 week after Opposition is filed | 12 | 07/14/26 | 12/22/25 | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>***Select one***:    ☐  1. Magistrate Judge *(with Court approval)*<br>              ☐  2. Court's Mediation Panel<br>              ☐  3. Private Mediation | 10 | 07/28/26 | 01/26/26 | ☐  1. Mag. J.<br>☐  2. Panel<br>☐  3. Private |
| **Trial Filings** (first round)<br>    Motions in Limine<br>    Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>    Witness Lists [L.R. 16-5]<br>    Joint Exhibit List [L.R. 16-6.1]<br>    Joint Status Report Regarding Settlement<br>    Proposed Findings of Fact and Conclusions of Law [L.R. 52]<br>        *(court trial only)*<br>    Declarations containing Direct Testimony *(court trial only)* | 3 | 09/15/26 | 03/30/26 | |
| **Trial Filings** (second round)<br>    Oppositions to Motions In Limine<br>    Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>    Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>    Disputed Proposed Jury Instructions *(jury trial only)*<br>    Joint Proposed Verdict Forms *(jury trial only)*<br>    Joint Proposed Statement of the Case *(jury trial only)*<br>    Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>    Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 09/22/26 | 04/06/26 | |

---

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. Patent and ERISA cases in particular may need to vary from the above.**

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**