UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | CV 25-00901-MCS (ASx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | A.K.A. Brands Holding Corp., et. al., v. Zahra Bahari, et. al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | CS: 08/18/25 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Sarah S. Brooks | Lara Samet Buchwald |

**Proceedings (In Chambers):**     **ORDER RE INFORMAL DISCOVERY CONFERENCE (DKT. NO. 60)**

At the parties' request, the Court held an informal discovery conference, ("IDC"), by video teleconference, on August 18, 2025. At issue are Defendant Bahari's ("Bahari") objections to Plaintiffs' requests for jurisdictional discovery. Bahari's objections are based on her assertion that she is not properly named as a party to this action in her individual capacity and that the discovery sought is not relevant to the issue of personal jurisdiction. Plaintiffs contend that because they have asserted sufficient facts supporting an inference that Bahari and the corporate defendants are alter egos of one another, they are entitled to discovery on this issue.

The Court, having reviewed the parties' IDC submission and considered the arguments presented at the hearing, and for the reasons stated at the hearing, issued the following order:

RFP Nos. 153-156 seek monthly credit card statements and bank statements from the corporate defendants from October 2023 to the present. Bahari objects to these requests on grounds of relevance, claiming that the requests unrelated to the legal test for whether she is subject to personal jurisdiction in any court in California, and as unduly burdensome and not proportional to the needs of this case. The Court disagrees. Plaintiffs have sufficiently alleged facts in their complaint to support an inference of alter ego by alleging that Bahari founded, owns and operates the corporate defendants and signed the agreements that are at issue in this case on behalf of and by the corporate defendants. *See Ranza v. Nike, Inc.,* 793 F.3d 1059, 1073 (9th Cir. 2015) (allegations of unity of interest and ownership and degree of control sufficient for alter ego test). To the extent the records sought in RFP Nos. 153-156 are likely to contain information about payments for Bahari's personal expenses by the corporate defendants, such information is relevant to a determination of whether there is unity between Bahari and the corporate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 25-00901-MCS (ASx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | A.K.A. Brands Holding Corp., et. al., v. Zahra Bahari, et. al., | | |

defendants such that they are no longer separate entities and whether one controls the other to such a degree that the latter is a mere instrumentality of the former. *Id.*. The Court also finds these requests to be proportional to the needs of this case. Bank statements and credit card statements are typically issued on a monthly basis and the time frame for which the records are sought is less then two years. Bahari has not established that production of monthly bank and credit card statements for this short time frame would be *unduly* burdensome. Accordingly, Bahari's objections are overruled and Plaintiffs' motion to compel responses to RFP Nos. 153-156 is GRANTED.

RFP Nos. 163-164 seek documents sufficient to reflect communications to Bahari relating to Bahari's personal affairs from the email address of the corporate defendants. Bahari objected to this request on grounds of relevance, unduly burdensome and not proportional. The Court finds this request impermissibly overbroad with respect to the term "relating to Bahari's personal affairs" and on that basis, the motion to compel responses to RFP Nos. 163-164 is DENIED.

RFP Nos. 169-170 seek documents reflecting payments or distributions made by the corporate entities towards any debt or obligation of Bahari's family member, friend or other individual with a connection to Bahari. Bahari objected to these requests as not relevant and vague and ambiguous in that it does not define "family member, friend, or other individual with a connection to" Bahari. The Court sustains the objection to the terms as vague and ambiguous. The responses will be limited to family member; the parties are ordered to meet and confer regarding the parameters of the term "family member." The motion to compel responses to RFP Nos. 169-170 is GRANTED IN PART.

RFP Nos. 176, 177, and 178 seek documents reflecting the identity of the payor of Bahari's rent and/or mortgage, utility bills, and car loan for the period October 2023 to the present. Bahari objected to these requests on grounds of relevance. The Court disagrees. The information requested is relevant to a determination of whether Bahari and the corporate defendants are alter egos. The motion to compel responses to RFP Nos. 176-178 is GRANTED.

Bahari is ordered to produce responsive records to RFP Nos. 153-156, 169-170, and 176-178 consistent with this order no later than thirty (30) days from the date of this Order.

Given the existing discovery cut off date in this case, the Court encourages the parties to avail themselves of the Court's informal discovery conference procedure to resolve any further discovery issues. See Judge Sagar's procedures. Any requests for additional time to complete discovery must be submitted to, and approved by, District Judge Scarsi.

**IT IS SO ORDERED.**

cc:   Marc C. Scarsi
      United States District Judge

____ : 26