UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 25-00901-MCS (ASx) | Date | November 3, 2025 |
|---|---|---|---|
| Title | A.K.A. Brands Holding Corp., et. al., v. Zahra Bahari, et. al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | CS: 10/30/25 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Sarah S. Brooks | Lara Samet Buchwald |

**Proceedings (In Chambers):  MINUTES RE INFORMAL DISCOVERYCONFERENCE (DKT. NO.  82)**


At the parties' request, the Court held an informal discovery conference, ("IDC"), by video teleconference, on October 30, 2025.  At issue is Plaintiff's request for an order compelling Defendants to produce responses to Plaintiff's Request for Production ("RFP") No. 192.  The Court, having reviewed the parties' IDC submission and considered the arguments presented at the hearing, and for the reasons stated at the hearing, issued the following order:

RFP No. 192 seeks the production of physical samples of each Culture Kings product sold at Hibbett.  Plaintiff claims that Defendants had clothing marked with Plaintiff's trademarks manufactured and sold these counterfeit and unauthorized goods to retailer Hibbett.  (Dkt. No.1. ¶ 3, 43),  The complaint asserts claims for federal trademark infringement, false designation of origin, common law trademark infringement, a declaratory judgment that the parties 2023 agreement was superseded by the parties' 2024, and breach of contract of the parties' 2024 agreement. (Dkt. No. 1).  At the hearing, Plaintiff claimed that when it sought this discovery from Hibbett, a retailer located in Alabama,  it was informed that Hibbett could not provide Plaintiff with these items because the clothing belonged to Defendants and that Hibbett had returned the clothing to Defendants. Plaintiff asserted that Hibbett claimed that it had removed the clothing items at issue from its store and warehouse and that it was subsequently picked up and transported, presumably by Defendants, to a warehouse in southern California. Plaintiff also stated that Defendants' previous counsel had agreed to provide the samples requested but counsel has since withdrawn from this case, and Plaintiff's currentl counsel has taken the position that the goods are not in Plaintiff's possession, custody and control.  Defendants confirmed that the items returned by Hibbett "were sent to a warehouse in the Los Angeles area, where they are currently stored [and] Defendants no longer have possession, custody or control over any of the returned items." (IDC submission). Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 25-00901-MCS (ASx) | Date | November 3, 2025 |
|---|---|---|---|
| Title | A.K.A. Brands Holding Corp., et. al., v. Zahra Bahari, et. al., | | |

claim that the warehouse owner refused to allow access to the items because storage fees had not been paid. Id.  At the hearing, Defendants' counsel stated that Defendants were unable to pay the past due storage fees, estimated to be approximately $17,000.

Defendants offered to provide Plaintiff with the sample clothing items retained by the manufacturer in China, explaining that the manufacturer likely kept samples of the clothing that was sent to Hibbett so that it could fulfill any future orders.  But as Plaintiff points out, these items do not comprise what RFP 192 requests which is "physical samples of each Culture Kings product *sold* at Hibbett."  (IDC submission).

A party responding to a document request "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Perkins v. City of Modesto*, 2020 WL 1333109 *9 (E.D. Cal. Mar. 23, 2020).  "A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." Id. *16.  The Court finds that Plaintiff's request for samples of the 31 styles of clothing that were sold by Hebbitt (RFP No. 192), which would enable it to inspect and analyze the alleged counterfeit clothing items that Defendant provided to Hebbitt for sale, is relevant to the trademark infringement and counterfeiting claims alleged, and is narrowly tailored, and proportional to, the needs of this case.  The Court also finds that Defendants have not sufficiently demonstrated that the samples -  which are currently in a warehouse and were presumably placed there by Defendants or at their direction -  are not within their constructive possession, custody and control.  Defendants are therefore ordered to respond to RFP No. 192 no later than November 13, 2025.[1]

At the hearing, Defendants requested an opportunity to determine whether Hebbitt is in possession of some or all of the samples at issue.  If Defendants are able to procure the samples from Hebbitt directly, they must provide a declaration from a person with knowledge of the production attesting to Hebbitt's sale of the samples.

Plaintiff's request, in the alternative, for an adverse inference is denied without prejudice.

**IT IS SO ORDERED.**
cc:    Marc C. Scarsi
United States District Judge                                                    _____ :  _31_

---

[1] The parties are reminded that any requests to extend the November 17, 2025 discovery cut-off date (see Dkt.No. 42), must be submitted to and approved by District Judge Scarsi.