**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.K.A. BRANDS HOLDING CORP., et. al., | Case No. CV 25-00901-MCS(ASx) |
| Plaintiffs, | |
| v. | **Referred for settlement proceedings to Magistrate Judge Alka Sagar** |
| ZAHRA BAHARI, et. al., | |
| Defendants. | ORDER RE SETTLEMENT CONFERENCE |
| | DECEMBER 18, 2025; 10:00 a.m. |

A telephonic conference with counsel for Plaintiffs and Defendants was held on November 20, 2025, regarding the settlement conference that will be held on Thursday, December 18, 2025, at 10:00 a.m.

**The settlement conference will be held on December 18, 2025, at 10:00 a.m., at the Royal Federal Building and Courthouse, Courtroom 540, 5th Floor, 255 East Temple Street, Los Angeles, California 90012. The Court will make introductory remarks to all parties and counsel, and then meet separately with each party to discuss the case.**

Magistrate Judge Alka Sagar will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are mandatory guidelines for the parties in preparing for the Settlement Conference.

### PLEASE READ THIS ORDER CAREFULLY[1]

1.    The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2.    Pursuant to Local Rule 16-15.8 and Federal Rules of Evidence 408 and 410, all settlement proceedings shall be confidential and no statement made during the settlement conference to the Court (including statements made in the parties' confidential settlement briefs regarding the parties' respective settlement discussions, demands and offers made prior to the settlement conference), the parties and/or their counsel shall be admissible in any proceeding in the case, unless the parties otherwise agree.  No part of a settlement proceeding shall be

---

[1] Counsel must review the terms of this Order and discuss the settlement process with their clients in advance of the settlement conference with the Court.

reported or otherwise recorded, without the consent of the parties, except for the memorialization of a settlement agreement, and the consent of all parties and counsel to the settlement.

**Counsel are reminded, and must also notify their clients, that the Local Rules of Court prohibit non-court personnel from recording or broadcasting these proceedings. L.R. 83-6 _et. seq._**

3.    The Court requires Counsel who will try the case to be present at the settlement conference.  In addition, a person with full settlement authority should likewise be present for the conference.  The parties have informed the Court that Plaintiffs A.K.A. Brands Holding Corp, TF Intellectual Property Pty Ltd., and Culture Kings USA, Inc., will be present with their General Counsel, K.C. White, and counsel, Sarah Brooks and Ari Rathman.[2] Defendants Zahra Bahari, The Powell Companies LLC, and Whitney Morgan LLC will be represented by Zahra Bahari and Steven Powell, and counsel of record, Lawrence Hadley.

**Counsel must ensure the Court that the parties and their representatives have final settlement authority to agree to a settlement, in its discretion, that is recommended by the settlement judge up to the Plaintiff's prayer (excluding punitive damage prayers), or up to the last demand made prior to the settlement conference, whichever is lower.**

---

[2] Ms. Brooks will notify the Court if her client representative will be appearing in person or by video teleconference no later than one week prior to the settlement conference.

3

The purpose of this requirement is to have representatives present who can settle the case during the course of the settlement conference.  **ANY VIOLATION OF THIS REQUIREMENT WILL CAUSE THE COURT TO CANCEL THE SETTLEMENT CONFERENCE.   IN ADDITION, COUNSEL AND/OR THE PARTY WHO VIOLATE THIS ORDER MAY BE SUBJECT TO SANCTIONS.**

4.    Counsel must make arrangements for an interpreter to be present for any client or party representative requiring an interpreter to understand and meaningfully participate in the settlement conference.  Any violation of this requirement will cause the Court to cancel the settlement conference and order the noncomplying attorney, party, or both to pay the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.  Any questions regarding the need for an interpreter must be directed to the Courtroom Deputy Clerk prior to the date of the conference.

5.    Absent authorization from the Court, Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be canceled and rescheduled.  The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling, as well as any additional sanctions deemed appropriate.

6.    Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within policy limits in this case, must have a fully authorized settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, <u>in the representative's discretion</u>, an amount recommended by the settlement judge within the policy limits.  The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims <u>during the course of the conference</u> without consulting a superior.    An insurance representative authorized to pay, <u>in his or her discretion</u>, up to the plaintiffs' last demand made prior to the settlement conference will also satisfy this requirement.  Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7.    The settlement judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others.  The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel.  This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments.  Violation of

this policy may be misleading and therefore a hindrance to settlement.

8.   Prior to the Settlement Conference, counsel for defendants are directed to discuss settlement with their respective clients (and insurance representatives), so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

**In addition, the Court ORDERS that the following occur prior to the settlement conference:**

**(a)   The parties must attempt, in good faith, to resolve the case before the settlement conference.**

**(b)   Counsel for Plaintiffs and Counsel for Defendants must submit a settlement demand regarding their claims and counterclaims, with supporting documents to opposing Counsel in writing (including by email) no later than December 1, 2025.**

**(c)   Counsel must respond to the demands, in writing, (including by email), no later than December 8, 2025.**

**(d)   The parties must summarize all settlement efforts and proposals in their settlement conference letters to the**

Court. **Failure to participate in a pre-conference negotiation is a basis for assessing sanctions on counsel.** If the parties successfully resolve the case before the conference or determine that the conference should be postponed, counsel must immediately inform the courtroom deputy clerk.

9. **No later than <u>December 15, 2025, at noon</u>, each party shall <u>submit a Confidential Settlement Conference Statement directly to the chambers of Magistrate Judge Sagar</u> via email to AS_Chambers@cacd.uscourts.gov. The Statements <u>should not be filed with the Clerk of the Court, are not required to be served on opposing counsel, and will not be made part of the case file</u>. The Statements shall be double-spaced and shall not exceed ten (10) pages in length.** Parties may attach exhibits that are relevant to settlement discussions.[3]  Copies of the confidential settlement

_____

[3] The parties may submit for the Court's review copies of all critical documents (i.e., pleadings, declarations or witness statements, business records, personnel files, etc.), as well as copies of all important witnesses' deposition transcripts, if a party believes such documents will assist in the evaluation of the case. The parties may reference documents that are available on the Court's docket by docket and page number. If a party's settlement position is predicated on the recoupment or recovery of attorney's fees and/or costs, then its counsel should have available for the Court's review copies of billing records substantiating both the time expended and the expenses incurred.

Attachments to the settlement conference statements that exceed 50 pages should be mailed to the Court (or delivered to the Court) to ensure receipt **no later than December 15, 2025, at noon.**

conference statement may, but are not required to, be served upon opposing counsel.[4]

10.  The parties' respective Settlement Conference Statements shall include the following:

A.  A brief statement of the facts of the case, including the party's claims and defenses.  The statement should include citations to the applicable statutory or other grounds upon which claims or defenses are based.  This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

B.  An ITEMIZED STATEMENT OF THE DAMAGES claimed, and of any other relief sought, including attorney's fees.  This is one of the most **critical** aspects of the party's statement.  **Any statement which omits an itemized statement of damages will be considered a violation of this Order and may subject the party to sanctions**.

C.  A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

---

[4] Counsel must provide the court with a red-lined version of any partial or redacted settlement statement that is served on opposing counsel.

D.    A history of past settlement discussions, offers and demands, **INCLUDING THE DEMANDS/OFFERS DESCRIBED IN PARAGRAPH 8.**

E.    A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

F.    The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

G.    The party's evaluation of the terms on which the case could be settled <u>fairly</u>, taking into account the litigation position and settlement position of the other side.

11. In the event the parties <u>agree</u> that a settlement conference at this point in the litigation would not be meaningful, <u>after the above-described steps are completed</u>, the parties are instructed to telephone Judge Sagar's courtroom deputy clerk at (213) 894-1587 and inform her of this information.[5]    The Court will then schedule a telephonic conference to discuss the matter. The Court may also inquire of the parties, separately, upon receipt of the confidential settlement statements and/or schedule a

---

[5] The parties are reminded that any request for additional time to conduct a settlement conference must be submitted to, and authorized by, District Judge Scarsi.

9

telephone conference to discuss issues before the settlement conference.

12. Any failure of the trial attorneys, parties or persons with authority to attend the conference will result in sanctions to include, but not be limited to, the fees and costs expended by the other parties in preparing for and attending the Settlement conference. Failure to timely deliver a confidential settlement conference Statement or otherwise comply with this Order, will also result in sanctions being imposed.

13. If the parties reach a resolution of the case during the conference, the Court will summarize and/or direct counsel to summarize the key terms of the agreement on the record and may direct the parties to draft an appropriate memorandum. The Court encourages counsel to have a proposed settlement agreement available during the settlement conference. If no resolution is reached, the Court will consult with the parties to determine whether an additional settlement conference is likely to be productive.

14. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District

Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. <u>See</u> Local Rule 16-15.7.

15.  All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

16.  The Court expresses its appreciation to counsel for their cooperation with these procedures and looks forward to a productive session.

**IT IS SO ORDERED.**

Dated: November 24, 2025

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE