**VENABLE LLP**
Ari N. Rothman (SBN 296568)
 anrothman@venable.com
Sarah S. Brooks (SBN 266292)
 ssbrooks@venable.com
Allison C. Nelson (SBN 319321)
 acnelson@venable.com
Claire F. Serruto (SBN 359341)
 cfserruto@venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:   310.229.9900
Facsimile:   310.229.9901

*Attorneys for Plaintiffs a.k.a. Brands Holding Corp., TF Intellectual Property Pty. Ltd., and Culture Kings USA, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.K.A. BRANDS HOLDING CORP.; TF INTELLECTUAL PROPERTY PTY LTD; and CULTURE KINGS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZAHRA BAHARI; THE POWELL COMPANIES, LLC; and WHITNEY MORGAN LLC, <br><br> Defendants. <br><hr> WHITNEY MORGAN LLC AND THE POWELL COMPANIES, LLC, <br><br> Counter-Claimants, <br><br> v. <br><br> A.K.A. BRANDS HOLDING CORP., <br><br> Counterclaim-Defendants. | Case No. 2:25-cv-00901-MCS-AS <br><br> Honorable Mark C. Scarsi - Courtroom 7C <br><br> **DECLARATION OF SARAH S. BROOKS IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 37(B) AND FOR CONTEMPT FOR VIOLATION OF THE PROTECTIVE ORDER** <br><br> [*Filed Concurrently With Plaintiffs' Motion for Sanctions under Rule 37(b) and for Contempt for Violation of the Protective Order; and [Proposed] Order*] <br><br> Date:  March 23, 2026 <br> Time:  9:00 a.m. <br> Dept.:  Courtroom 7C <br><br> Action Filed:  February 3, 2025 <br> Amended Counterclaim Filed: July 2, 2025 <br> Trial Date:  May 5, 2026 |

DECLARATION OF SARAH S. BROOKS

I, Sarah S. Brooks, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner of the law firm Venable LLP and counsel of record in this action for plaintiffs a.k.a. Brands Holding Corp., TF Intellectual Property Pty Ltd., and Culture Kings USA, Inc. I make this declaration based upon my own personal knowledge. If called as a witness, I could and would testify competently to the facts stated in this declaration.

2. I submit this declaration in support of plaintiffs' Motion for Sanctions Under Rule 37(b) and For Contempt for Violation of the Protective Order.

3. On November 24, 2025, plaintiffs timely served supplemental responses to Interrogatory Nos. 11 to a.k.a. Brands Holding Corp. and 12 to Culture Kings USA, Inc. pursuant to Judge Scarsi's November 21, 2025 ("November Order"). (ECF No. 94.) These responses referenced and produced supporting spreadsheets, including AKA0051574, containing gross sales, product costs, freight, duties and distribution center costs, among other proprietary and highly confidential plaintiff financial information. All financial excel spreadsheets were produced with slip sheets and "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" ("HC-AEO") metadata designations. Expert reports were exchanged that same day.

4. On November 24, 2025, plaintiffs produced the "Expert Report of Krista F. Holt", which was designated almost entirely HC-AEO, and defendants produced the Opening Expert Report of "Steven W, [sic] Heller, Esq."

5. On December 8, 2025, plaintiffs produced the "Rebuttal Expert Report of Krista F. Holt", which was designated almost entirely HC-AEO, and an accompanying spreadsheet, marked AKA0051578, including additional HC-AEO financial information. On the same day, defendants also produced the Supplemental Opening Expert Report of Steven Heller, including a Schedule 3 containing plaintiffs' HC-AEO wholesale sales data.

6. On December 16, 2025, defendants threatened to file a motion for Rule 37 sanctions, claiming plaintiffs' responses had not fully complied with the Court's Order compelling responses to their interrogatories.

7. On January 7, 2026, defendants served the Expert Report of Steven W. Heller, Esq. and Gordon Bell Addressing Commissions Due ("Heller and Bell Report") relying on plaintiffs' HC-AEO materials, citing to the Expert Rebuttal Report of Krista F. Holt ("Ms. Holt's Rebuttal Expert Report"), Supplemental Expert Report of Krista F. Holt ("Ms. Holt's Supplemental Expert Report"), and Ms. Holt's "Errata Letter", which is marked "PROTECTED MATERIAL" in the footer of each page. The Heller and Bell Report also includes full screenshots of HC-AEO excel spreadsheets bates stamped AKA0051574 and AKA0051578. Attached hereto as **Exhibit 1** is a true and correct copy of defendants' Supplemental Heller and Bell Expert Report, dated January 7, 2026, entitled "Expert Report of Steven W. Heller, Esq. and Gordon Bell Addressing Commissions Due."

8. On January 9, 2026, plaintiffs provided the required attestations in compliance with the Protective Order and asked defendants to do the same. Attached hereto as **Exhibit 2** is a true and correct copy of an email I sent to defendants' counsel on January 9, 2026.

9. On January 12, 2026, plaintiffs' counsel identified a violation of the Protective Order and raised concerns with defendants' counsel via email correspondence. Specifically, plaintiffs found that Mr. Bell had reviewed HC-AEO material without signing the "Acknowledgment and Agreement to be Bound." Plaintiffs asked again for the attestations required of the Protective Order and requested to meet and confer regarding the motion to supplement their Motion for Exclusion. Plaintiffs sought to discuss the late addition of Gordon Bell as an expert witness and their motion to show cause as to why Mr. Bell and Mr. Heller, and others implicated, should not be held in contempt for violating the Protective

Order. Attached hereto as **Exhibit 3** is a true and correct copy of an email I sent to defendants' counsel on January 12, 2026.

10. On January 13, 2026, plaintiffs yet again requested the attestations and a time to meet and confer on the above issues. Defendants' counsel initially responded only with Mr. Heller's attestation, dated November 11, 2025, and claimed they did not provide confidential information to Mr. Bell, but would have him sign the acknowledgment. Later that day, defendants responded with Mr. Bell's signed attestation, dated January 13, 2026. Defendants further claimed Mr. Bell did not review documents marked highly confidential, but he did review portions of Ms. Holt's Rebuttal Expert Report and Ms. Holt's Supplemental Expert Report (collectively, "Holt Reports") marked HC-AEO. Defendants claimed all citations in the Holt Reports were to non-confidential sources. Attached hereto as **Exhibit 4** is a true and correct copy of an email I sent to defendants' counsel on January 13, 2026, and counsel's response.

11. On January 14, 2026, the parties met and conferred via Zoom on the HC-AEO information potentially shared with Gordon Bell, Steven Powell, or defendant Bahari in violation of the Protective Order. Defendants asserted they did not see any confidentiality designation on the excel files because they were produced natively, and the native files lacked any designation. Defendants designated their own financial records in the same way with slip sheets and in native format and with HC-AEO marked on the bottom. Attached hereto as **Exhibit 5** is a true and correct copy of the slip sheet produced with TPC-WM-0015863 as an example of how defendants designated their financial records.

12. On January 27, 2026, plaintiffs requested an informal discovery conference with Magistrate Judge Sagar to address the improper use and disclosure of materials designated HC-AEO they discovered.

13. On February 10, 2026, the court held an informal discovery conference ("IDC") by video conference to review plaintiffs' request for additional

-3-
DECLARATION OF SARAH S. BROOKS

discovery regarding the circumstances under which defendants' late-disclosed expert witness, Mr. Bell, received and reviewed HC-AEO information and shared HC-AEO information with others, including defendant Bahari and her husband Steven Powell. The Court subsequently ordered the defendants to produce further discovery after finding their actions violated the Protective Order. (ECF No. 141.)

14. On February 12, 2026, I deposed Mr. Heller, who testified that he may have shared his reports with Mr. Bell as early as late October or early November 2025. One of his reports, the Supplemental Opening Expert Report, included plaintiffs' wholesale sales data, which plaintiffs designated HC-AEO, in Schedule 3. Attached hereto as **Exhibit 6** is a true and correct copy of the excerpts of the rough draft transcript of the Heller Deposition, dated February 12, 2026, entitled "Steven W. Heller Rough Draft."

15. On February 12, 2026, I emailed defendants' counsel requesting a meet and confer on the present Motion for Sanctions Under Rule 37(b) and For Contempt for Violation of the Protective Order, the Motion to Seal being filed concurrently with the present Motion, and our intention to attach a redacted copy of the Heller and Bell Report marked HC-AEO.

16. Pursuant to the Court's order, on February 18, 2026, defendants produced declarations and redacted emails from Mr. Bell, Mr. Powell, and defendant Bahari. Attached hereto as **Exhibit 7** is a true and correct copy of Defendant Zahra Bahari's Declaration, dated February 18, 2026, entitled "Declaration of Zahra Bahari Regarding Receipt of Documents." Attached hereto as **Exhibit 8** is a true and correct copy of Gordon Bell's Declaration, dated February 18, 2026, entitled "Declaration of Gordon Bell Regarding Receipt of Documents." Attached hereto as **Exhibit 9** is a true and correct copy of Steven Powell's Declaration, dated February 18, 2026, entitled "Declaration of Steven Powell Regarding Receipt of Documents.

17. Mr. Powell stated in his declaration that he sent two spreadsheets to

1  Mr. Bret Quigley, an undisclosed expert who has appeared for the first time in
2  these documents. As of the date of this filing, Mr. Quigley has not signed the
3  Protective Order acknowledgement.

4    18.    Defendants did not disclose to plaintiffs that the 11 financial Excel
5  spreadsheets (AKA0051566-7; AKA0051569-73; AKA0051575; AKA0051577),
6  rough draft of the Holt deposition transcript, dated December 19, 2025, or Ms.
7  Holt's Supplemental Expert Report, dated January 21, 2026, had been disclosed,
8  despite the fact that the above declarations of Mr. Bell, Mr. Powell, and defendant
9  Bahari say otherwise, and the fact that the spreadsheets, Holt deposition transcript,
10 and Ms. Holt's Supplemental Expert Report were all designated HC-AEO.
11 Attached hereto as **<u>Exhibit 10</u>** are the slip sheets for AKA0051566-7;
12 AKA0051569-73; AKA0051575; AKA0051577 showing they were produced with
13 the designation HC-AEO.

14    19.    Attached hereto as **<u>Exhibit 11</u>** is a true and correct copy of the
15 excerpts of the rough draft of the Bell Deposition, dated February 20, 2026,
16 entitled "Rough Draft of Gordon Bell."

17    20.    Pursuant to L.R. 7-3, the parties met and conferred via Zoom on
18 February 13, 2026 regarding the present Motion for Sanctions Under Rule 37(b)
19 and For Contempt for Violation of the Protective Order. Defendants indicated that
20 they will oppose this Motion.

21    21.    Without waiving attorney-client privilege or the attorney work
22 product doctrine, I am authorized by plaintiffs to convey that they would have
23 objected to disclosure to Gordon Bell of any of plaintiffs' HC-AEO information
24 had they known that defendants and defendants' counsel intended to disclose such
25 information to him. Mr. Bell is not a true expert, owns Whitney Morgan and The
26 Powell Companies, and plaintiffs would have never agreed to provide their sales
27 and related detailed information to him just as defendants did not provide access to
28 their highly confidential sales information to plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd of February 2026 at Los Angeles, California.

By: /s/ *Sarah S. Brooks*
Sarah S. Brooks