UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00901-MCS-AS | Date | February 25, 2026 |
| Title | A.K.A. Brands Holding Corp. v. Bahari | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: DEFENDANTS' MOTION FOR SANCTIONS AND PARTIES' SEALING APPLICATIONS (ECF NOS. 148, 150–51)

    Plaintiffs a.k.a. Brands Holding Corp., TF Intellectual Property Pty Ltd., and Culture Kings USA, Inc., move for sanctions and a finding of contempt against Defendants Zahra Bahari, Whitney Morgan LLC, and The Powell Companies, LLC, for their purported violation of the protective order in this action. (Pls.' Mot. for Sanctions, ECF No. 153.) Defendants move for sanctions against Plaintiffs for their disobedience of a November 17, 2025, order by Magistrate Judge Alka Sagar and violation of their Rule 26(a)(2)(B) disclosure obligations. (Defs.' Mot. for Sanctions, ECF No. 150.) The parties filed applications to seal information submitted with their respective moving papers. (Pls.' Appl. to Seal, ECF No. 151; Defs.' Appl. to Seal, ECF No. 148.)

    Plaintiffs' sealing application is granted. Good cause and compelling reasons appear to maintain under seal the expert report submitted with Plaintiffs' motion, which rests in substantial part on information that may cause Plaintiffs competitive harm if publicly disclosed. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *e.g.*, *King v. Nat'l Gen. Ins. Co.*, No. 15-cv-00313-DMR, 2024 U.S. Dist. LEXIS 18925, at *7 (N.D. Cal. Feb. 2, 2024) (sealing "information

that would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations" (internal quotation marks omitted)); *Riot Games, Inc. v. Suga Pte, Ltd.*, 2:22-cv-00429-SPG (KSx), 2023 U.S. Dist. LEXIS 158888, at *3 (C.D. Cal. Sept. 5, 2023) ("Documents that may reveal financial strategies, including financial records, are appropriate matters to file under seal.").

Defendants' motion for sanctions is denied as untimely. Other than motions in limine, the last day to set motions for hearing in this case was January 26, 2026. (Order Re: Jury Trial § I, ECF No. 42.) Unlike with Plaintiffs' motion for sanctions, which the parties stipulated for the Court to hear out of time, (Order Gr. Stip. 2, ECF No. 146), Defendants have not sought relief from the deadline to file their motion. Good cause and excusable neglect under Rules 6(b)(1) and 16(b)(4) are not apparent from Defendants' moving papers. As the Court noted months ago, "[a]t this late stage of the case, any disputes over compliance with the Magistrate Judge's Order [of November 17, 2025,] may be ventilated only through Rule 37(c)(1) motion practice." (Order Gr. Ex Parte Req. 2, ECF No. 94.) Similarly, at this even later stage of the case, Defendants' position on Plaintiffs' purported violation of their Rule 26(a)(2)(B) disclosure obligations would be better addressed under the aegis of Rule 37(c)(1). The Court routinely considers motions to exclude evidence under Rule 37(c)(1) as motions in limine before trial. Defendants' instant motion seeks a remedy other than exclusion under Rule 37(c)(1), and it does not comply with the Court's rules governing motion in limine practice. (*See, e.g.*, Order Re: Jury Trial § II(A)(1) (requiring such motions to be set for hearing at the final pretrial conference and to be 10 pages or shorter).)

Defendants' sealing application is denied as moot. The Court waives compliance with Local Rule 79-5.2.2(b)(i)–(ii); that is, no further filings should be made in connection with the application.

Having conducted a preliminary review of Plaintiffs' motion, the Court doubts that resolution of the motion will be case dispositive. The Court suggests that expending resources toward informal resolution of this action would be more productive than engaging in eleventh-hour motion practice.

**IT IS SO ORDERED.**